(Decided 4th June, 1874.)

---

THE CHESAPEAKE BANK *vs.* THE FIRST NATIONAL BANK OF BALTIMORE, Garnishee of THE FIRST NATIONAL BANK OF WASHINGTON.

*Attachment on Warrant issued by a State Court against a National Bank, illegal— Validity of sec. 2 of the Act of Congress, approved March 3, 1873, amending sec. 57 of the Act of Congress approved June 3, 1864.*

An attachment *on warrant* issued by a State Court to affect the funds of a National Bank, is illegal and void, being in violation of section 57 of the Act of Congress, ch. 106, approved June 3, 1864, as amended by section 2 of the Act of Congress, ch. 269, approved March 3, 1873,—the latter section providing, "That no attachment, injunction or execution shall be issued against such (Banking) association or its property, before final judgment in any such suit, action, or proceeding in any State, county, or municipal Court."

The second section of the Act of Congress, ch. 269, approved March 3, 1873, amending section 57 of the Act of Congress, ch. 106, approved June 3, 1864, is constitutional and valid, being a provision to promote the efficiency of the National Banks in performing the functions by which they were designed to serve the government, and to protect them not only against interfering State

legislation, but also against suits or proceedings in State Courts, by which their efficiency would be impaired.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*George H. Williams,* for the appellant.

While it is not denied that Congress has full power to charter banks as and for instrumentalities of the Government, and to prevent State sovereignties from taxing them or otherwise interfering with their existence, yet it is not within the power of Congress to clothe them, as to their contracts and dealings with the world, with any special immunities and privileges exempting them in their said trade and intercourse with others from the laws and remedies applicable in like cases between other citizens. *National Bank vs. Commonwealth,* 9 *Wallace,* 353.

The power to create these banks is justified as an act of constructive power; it is not pretended there is any *express* power given, but as where express powers are given, *e. g.* to lay and collect taxes, imposts, &c., they are restricted to uniformity, they cannot create a favored contracting class in society not subject to the uniform rights and remedies as between other citizens of the Union. The order of the Court below quashing the attachment should be reversed and a *procedendo* awarded.

*A. Stirling, Jr.,* for the appellee.

The 57th section of the Act of 1864, and the 2nd section of the Act of 1873, are constitutional.

The appellant admits the constitutionality of the National Banking Act generally, but contends that the sec-

tions above mentioned, or at least section 2 of, 1873, is unconstitutional, as giving the associations organized under the Act of 1864, privileges or immunities different from those of citizens generally in the States where their business is carried on.

If the constitutionality of the Acts of 1864 and 1873, generally, be conceded, then under all the principles governing the construction of the powers of Congress, the provisions of the 57th section of. the Act of 1864, and the 2nd section of the Act of 1873, are on their face evidently appropriate and necessary, to carry out the powers which are admitted to justify the law generally ; and not only this, but are wise and beneficial, and under no principle laid down by the Court of Appeals or the Supreme Court, can they be held unconstitutional. *M'Culloch vs. Maryland*, 4 *Wheaton*, 316 ; *Fletcher vs. Peck*, 6 *Cranch*, 87 ; *Livingston vs. Moore*, 7 *Peters*, 469 ; *National Bank vs. Commonwealth*, 9 *Wallace*, 353 ; *Veazie Bank vs. Fenno*, 8 *Wallace*, 533 ; *Hepburn vs. Griswold*, 8 *Wallace*, 603 ; *State vs. Buchanan*, 5 *H. & J.*, 362 ; *Mayor and City Council vs. Board of Police*, 15 *Md.*, 376.

MILLER, J., delivered the opinion of the Court.

The appellant on the 18th of September, 1873, caused an attachment *on warrant* to be issued out of the Superior Court of Baltimore City to affect · the property and credits of the First National Bank of the City of Washington, District of Columbia, as a non-resident debtor, which was laid in the hands of the First National Bank of Baltimore, as garnishee. In October following, the garnishee filed a motion to quash for reasons alleged, and from the judgment of the Court quashing the writ, this appeal is taken. It is conceded the decision of the Superior Court was based upon the first reason stated in the motion as follows :

That said First National Bank of Washington was, before said attachment and at the time of the issue thereof,

and still is an association for the purpose of carrying on
the business of banking, organized duly under the Act of
Congress of June 3rd, 1864, and that by the 2nd section
of the Act of Congress, approved March 3rd, 1873, it is
enacted that the 57th section of the first mentioned Act be
amended by adding thereto the following: "That no
attachment, injunction or execution shall be issued against
such association or its property before final judgment in
any such suit, action, or proceeding in any State, county,
or municipal Court," and that by the force of said
section, of said Acts, the said attachment is illegal and
void.

We shall not stop to inquire what is the true construc-
tion of the original 57th section of the Act of 1864, because
it is clear the case before us is embraced by the terms of the
amendment thereto made by the Act of 1873. The con-
stitutionality of the National Banking Acts is admitted,
their purpose being, as expressed in the title to the origi-
nal Act of 1864, "To provide a National currency secured
by a pledge of United States' Bonds, and to provide for the
circulation and redemption thereof;" but it is insisted these
particular provisions or features of them, are unconstitu-
tional and void. The argument is that it is not within the
power of Congress to clothe these banking associations as to
their contracts and dealings with the world, with any special
immunities and privileges exempting them in their trade
and intercourse with others, from the laws and remedies
applicable in like cases to other citizens. But the power to
create these banks as instrumentalities of the government,
being, as it confessedly is, within the rightful powers of
Congress, we cannot say that provisions like these defining
in what tribunals they shall be sued and to what suits or
actions they shall be subjected, are not appropriate and
necessary to carry out this admitted power. It must plainly
appear that such provisions are inappropriate and unneces-

sary for this purpose, in order to justify a Court in declaring that Congress has transcended its authority in enacting them. In our opinion Congress has the power to make any provisions which tend to promote the efficiency of these banks in performing the functions by which they were designed to serve the Government, and to protect them, not only against interfering State legislation, but also against suits or proceedings in State Courts by which that efficiency would be impaired. We are unable to perceive that the provisions here assailed are not of that character, and therefore cannot pronounce them void.

*Judgment affirmed.*

(Decided 4th June, 1874.)