[No. 6,858.—Department Two.]

## JULIUS BAUM ET AL. v. ROBERT R. RAPHAEL.

57  361
127 456

ATTACHMENT—INSOLVENCY LAW.—The Act of March 31st, 1876, dissolves attachments levied within two months before the filing of a petition in insolvency, and in such case it is competent for the Court, upon the motion of the assignee, to direct its officer to release the property from its process.

INSOLVENCY LAW—CONSTITUTIONAL LAW.—There is no objection to the constitutionality of the Act of March 31st, 1876.

CONSTITUTIONAL LAW—ACT OF LEGISLATURE.—The Court is not prepared to say that if a subsequent act in effect changes or modifies an existing law, the subsequent act is unconstitutional, because the act changed or modified is not re-enacted and published at length as modified.

APPEAL from an order, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

*Naphtaly, Freidenrich & Ackerman*, for Appellants.

Section 6 of the Involuntary Act of March 31st, 1876, in so far as it purports to dissolve an attachment in a voluntary case, is unconstitutional and void.

The act purports to be supplemental. In so far as it seeks to set aside attachments in a *voluntary* case it is *amendatory* of the Act of 1852, and amends § 34 of said act, by vesting in the assignee all property levied upon by attachment within two months *prior* to filing the petition.

In this respect it is either revisory or amendatory; in either case, the new law must be published in full—if revised, at length ; if amended, the sections so amended in full. (Old Const. of Cal. art. 4, § 25 ; *City of Portland* v. *Stark*, 2 Oreg. 69; *Falconer* v. *Robinson*, 4 Ala. 340.) This provision is mandatory. (*State* v. *Miller*, 45 Mo. 495; 43 Ala. 224.)

*H. H. Lowenthal*, for Respondent.

MYRICK, J :

Plaintiffs commenced an action against defendant, and sued out a writ of attachment, by virtue of which personal property of the defendant was seized August 14th, 1879. On the 11th of September, 1879, defendant moved the Court for an order staying proceedings, on the ground that since the commence-

ment of the action defendant had filed his petition in the County Court, asking to be declared an insolvent debtor under the Act of May 4th, 1852, and had obtained the order of the County Court to show cause, and staying proceedings. On the 13th of October, 1879, the Court below made an order that plaintiffs show cause why the attachment should not be dissolved. On the 22d of October, 1879, the Court denied the motion to dissolve the attachment, on the ground that the affidavit in this case fails to show that any adjudication had been made, and in its opinion nothing short of an adjudication would dissolve an attachment. On the 27th of October, 1879, the County Court made its decree discharging the defendant from all his debts, which decree recited that after proceedings thereto had, one Hyams had been appointed assignee to receive the surrender of the property of said defendant. Said Hyams thereupon moved the Court below that the attachment be dissolved, which motion was granted, and from the order therein made the plaintiffs appealed. Points are made as follows:

1. Hyams, being a stranger to the record, could not be permitted to make any motion in the case without becoming a party.

2. The motion having been once made and denied, could not be renewed without leave of the Court.

3. The motion for discharge of attachment failed to set out the grounds of the motion.

4. If the motion was based on the discharge, the regularity of the proceedings should have been shown.

5. Section 6 of the Act of March 31st, 1876, being supplemental to the Act of 1852, so far as it purports to dissolve an attachment in a case of voluntary bankruptcy, is unconstitutional and void, because the law which is amended or revised by it is not re-enacted in full.

The transcript before us does not show that either of these points was made in the Court below. But, even if they had been made, we see no error in the order dissolving the attachment. The record exhibits sufficient to show the regularity of the proceedings of the Court below. The Act of March 31st, 1876, provides that all attachments upon the property of the debtor, levied within two months before filing the petition, *are dissolved.* The law dissolved the attachment, and it was en-

tirely competent for the Court to direct its officer to release the property from its process.   We see no objection as to the constitutionality of the Act of March 31st, 1876.   We are not prepared to say that if a subsequent act in effect changes or modifies an existing law, the subsequent act is unconstitutional, because the act changed or modified is not re-enacted and published at length as modified.

Order affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.