FIRST NATIONAL BANK OF KASSON *vs.* AMBROSE LA DUE.

November 20, 1888.

National Banks—Attachment in State Court.—The federal statutes (U. S. Rev. St. § 5242) prohibit the issuance of writs of attachment by the state courts before final judgment against national banking associations or their property.

Same.—An attachment and seizure of property made by virtue of a writ so issued and served, is illegal and void, and no jurisdiction over the person or property of such an association is obtained thereby.

Same — Attachment in Another State — Injunction. — Conceding that, upon a proper showing, plaintiff, a national banking association organized and doing business in the state of Minnesota, is entitled to an injunction *pendente lite*, restraining defendant, also a resident of this state, from prosecuting an action against this plaintiff in one of the courts of the state of New York, the order appealed from, refusing a temporary injunction, was properly made, because plaintiff's complaint herein expressly shows that the New York court has not and cannot obtain jurisdiction of plaintiff, either by personal service of a summons, or by attachment of its property.

Appeal by plaintiff from an order of the district court for Dodge county, *Buckham*, J., presiding, refusing an injunction.

*Chas. C. Willson*, for appellant.

*Lloyd Barber*, for respondent.

COLLINS, J. By this proceeding the plaintiff attempts to restrain the defendant from prosecuting an action in the state of New York, in which a writ of attachment has been issued, and plaintiff's money there seized and attached in the hands of its correspondent. The appeal is from an order refusing an interlocutory injunction, restraining defendant during the pendency of this action from proceeding in the other. The plaintiff is an association duly organized under the national-bank act, and doing business in the state of Minnesota; while the defendant is a resident of this state also. By the complaint herein it seems that in the action which has been commenced in New York this defendant is plaintiff, and this plaintiff association the de-

fendant. The differences which exist between the parties, as disclosed by the pleadings herein, need not be stated, for the merits of this plaintiff's application—its right to an injunction *pendente lite*—cannot be determined as the case now stands. From the complaint it appears that no personal service of the summons in the New York action has been made upon this plaintiff, and further that personal service of said summons cannot be made upon plaintiff, as it is not within the jurisdiction of the New York court in which the action is attempted. By the terms of the amendment of March 3, 1873, (U. S. Rev. St. § 5242,) to section 57 of the national banking act of June 3, 1864, an attachment cannot issue against a national bank before judgment. The amending act reads thus: "That section fifty-seven * * * be amended by adding thereto the following: 'And provided further, that no attachment, injunction, or execution shall be issued against such association or its property before final judgment, in any suit, action, or proceeding in any state, county, or municipal court.'" The attachment, therefore, in New York, by which this plaintiff's money has been seized, was illegal and void, because the writ was issued without authority, and contrary to the federal statutes above quoted. It is the paramount law of the land that attachments shall not issue from state courts against national banks before final judgment, and there is injected into all state attachment laws an exception in favor of these associations. *Pacific Nat. Bank* v. *Mixter,* 124 U. S. 721, (8 Sup. Ct. Rep. 718.)

Inasmuch as the complaint herein expressly states that personal service of the summons in the New York case has not and cannot be made upon the defendant, and it clearly appears that the issuance of the writ of attachment and all proceedings thereunder, as set forth, are wholly illegal and void because of the inhibition found in the federal statute, it is obvious that the court in which the action has been initiated has failed to acquire any jurisdiction whatsoever over the person or property of this plaintiff. Except by consent it is powerless to proceed in the attempted action; it cannot aid this defendant in his efforts to secure a trial in the state of New York; nor can it compel this plaintiff to appear and submit the merits of its defence. It is true that in issuing its process, by means of which plaintiff's

funds have been improperly attached, great injury and inconvenience may have resulted, but the compensation for this, which may be afforded by law, is not contemplated, nor could it be covered, by the relief now asked. It must be sought elsewhere. As the defendant herein is unable to proceed in his New York case, (because of his apparent inability to obtain jurisdiction,) the issuance of a temporary injunction, as demanded, would be a useless ceremony. It would simply command defendant to desist from doing that which the complaint discloses he cannot do. It would be an effort to avert a threatened injury not imminent, the plaintiff concedes, unless it should voluntarily place itself within the jurisdiction of the courts of another state. It may be true that, upon a proper showing, a temporary injunction should issue, restraining defendant from prosecuting the action alleged to have been attempted in New York; but for the reasons before stated, if for no other, the court below was justified in its refusal.

Order affirmed.