## A. G. SAFFORD *v.* FIRST NATIONAL BANK OF PLATTSBURGH AND TRUSTEE.

### *National Banks.    No Service against by Attachment.*

1. Under U. S. Rev. St. s. 5242, the property of a national bank cannot be attached before final judgment; the trusteeing a debt due such a bank is in effect the attachment of the property of the bank; hence where the only service on a non-resident bank was by leaving a copy in the hands of the trustee, such service is void, and the court obtains no jurisdiction.

2. *Quere*, whether service under R. L. s. 1081 would be good, where the officer's return shows that service was made on the non-resident defendant by leaving a copy with the trustee, without stating that such copy was " for said principal debtor."

This was a suit in book account. The defendant bank demurred, and also moved to dismiss for want of service. Demurrer and motion overruled, September Term, 1887, Powers, J., presiding. Exceptions by the defendant, which were certified to the Supreme Court before further proceedings. The case appears in the opinion.

*A. G. Safford* and *Farrington & Post*, for the plaintiff.

*E. A. Sowles*, for the defendant.

The opinion of the court was delivered by

Royce, Ch. J. The defendant bank was located at and doing business in Clinton County, N. Y., the plaintiff was a resident of Washington, D. C., and the writ was made returnable to the County Court in the county of Franklin. The only service that was made of the writ on the defendant, as appears by the officer's return, was by leaving with C. W. Witters, one of the trustees named in the writ, a true and attested copy of the writ, with his return thereon endorsed.

The statute, R. L. s. 1081, which provides for service of writs on absent defendants by leaving a copy with the trustee, requires that the copy shall be left in the hands of the trustee " for said

principal debtor." It will be noticed that the return made by the officer on this writ does not state that the copy left with the trustee was "for said principal debtor," and it certainly is doubtful if such a service as is evidenced by the return would give the court jurisdiction of the defendant.

But it is not necessary to decide whether the service was such as the statute requires, for there is another ground alleged in the motion to dismiss which must prevail. U. S. Rev. St. s. 5242, in speaking of national banks provides that "no attachment, injunction or execution shall be issued against such banking association or its property before final judgment in any suit, action or proceeding in any State, County or Municipal Court."

In the late case of the *Pacific Nat. Bank* v. *Mixer et al.*, 126 U. S. 721, the court were called upon to construe that statute, and Waite, Ch. J., after reviewing all the statutes bearing upon the question, said "that no attachment should issue from State courts against national banks, and all the attachment laws of the States must be read as if they contained a proviso in express terms that they were not to apply to suits against national banks." Other authorities were cited by counsel for the defendant which harmonize with this, but it seems needless to refer to them.

The service of a trustee writ upon the trustee, and thus preventing the defendant from receiving whatever may be in the hands of the trustee, is in legal effect attaching his property; and treating the service here made as an attachment of the defendant's property, the attachment, as we have seen, was illegal and void, and the service attempted to be made was not such a one as the defendant was bound to regard. It did not operate as notice to the defendant, and without notice shown, the court has no jurisdiction of the party or subject matter.

*The judgment overruling the motion to dismiss is reversed, and motion sustained and cause dismissed.*