[L. A. No. 692.   Department Two.—January 17, 1900.]

## B. H. DENNIS, Appellant, v. FIRST NATIONAL BANK OF SEATTLE, Respondent.

Attachment — National Bank.—Under the national banking act, no attachment can issue against a national bank from a state court.

Id.—Power of Congress. — Congress, in the exercise of its power to create national banks, has power to grant them special immunities, and to protect them against attachment and other proceedings in state courts, by which their efficiency may be impaired.

Id.—Construction of State Laws.—The process of attachment is a creature of the statute; and all of the attachment laws of the states are to be construed as if they contained a proviso in express terms that they are not to apply to suits against national banks.

APPEAL from an order of the Superior Court of Los Angeles County dissolving an attachment. M. T. Allen, Judge.

The facts are stated in the opinion.

Dillon & Dunning, for Appellant.

This attachment was a proceeding *in rem* against a nonresident bank, and the process was essential to the jurisdiction. Congress did not intend to prohibit an attachment in such a case. (*Robinson v. National Bank,* 81 N. Y. 385; 37 Am. Rep. 508; *Holmes v. National Bank of Wilmington,* 18 S. C. 31; 44 Am. Rep. 558.) To deprive a suitor of the remedy by attachment in such a case as this is to deprive him of all remedy, and of any due process of law, which is unconstitutional. (*Kerchoff Mill etc. Co. v. Olmstead,* 85 Cal. 81; Cooley's Constitutional Limitations, 365; Works on Jurisdiction, 207, 222; Waples on Proceedings in Rem, 77, 78.)

Mulford & Pollard, for Respondent.

The attachment is void, being in contravention of section 5242 of the Revised Statutes of the United States, which is valid and constitutional, and must control this case. (*Pacific Nat. Bank v. Mixter,* 124 U. S. 721; *Rosenheim Real Estate Co. v. Southern Nat. Bank* (Tenn. Ch., Nov. 20, 1897), 46 S. W. Rep. 1026-28; *Safford v. First Nat. Bank,* 61 Vt. 373; *Freeman Mfg. Co. v. National Bank of the Republic,* 160 Mass. 398; *Garner v. Second Nat. Bank of Providence,* 66 Fed. Rep. 369; *First Nat. Bank of Kasson v. La Due,* 39 Minn. 415; *Bank of Montreal v. Fidelity Nat. Bank,* 112 N. Y. 667; *Chesapeake Bank v. First Nat. Bank of Baltimore,* 40 Md. 269; 17 Am. Rep. 601.)

COOPER, C.—Appeal from order dissolving attachment. The complaint shows the defendant to be a corporation organized under the laws of the United States as a national bank. After the filing of the complaint and an affidavit on behalf of the plaintiff, a writ of attachment was issued and placed in the hands of the sheriff. Defendant made a motion, upon proper notice, for an order dissolving the attachment, upon the ground, among others, that the superior court was without jurisdiction to issue said writ and that the same was improperly issued.

By the amendment of March 3, 1873 (U. S. Rev. Stats., sec. 5242), to section 57 of the national banking act of June 3, 1864, an attachment cannot issue against a national bank before judg-

ment.   The amending act reads: "That section 57 . . . . be amended by adding thereto the following: 'And provided further that no attachment, injunction, or execution shall be issued against such association or its property before final judgment in any suit, action, or proceeding or municipal court.' "

The words used are plain and mandatory.   The supreme court of the United States, in construing the statute in *Pacific Nat. Bank v. Mixter*, 124 U. S. 726, speaking through the chief justice, after reviewing all the statutes bearing upon the subject, said: "That no attachment should issue from state courts against national banks, and all the attachment laws of the states must be read as if they contained a proviso in express terms that they were not to apply to suits against national banks."

This case has since been followed and the same construction placed upon the statute by the state and federal courts without a single exception that has been brought to our knowledge. (*Garner v. Second Nat. Bank of Providence*, 66 Fed. Rep. 369; *Safford v. National Bank of Plattsburg*, 61 Vt. 373; *First Nat. Bank of Kasson v. La Due*, 39 Minn. 415; *Bank of Montreal v. Fidelity Nat. Bank*, 112 N. Y. 667; *Rosenheim Real Estate Co. v. Southern Nat. Bank* (Tenn. Ch., Nov. 20, 1897), 46 S. W. Rep. 1026; *Freeman Mfg. Co. v. National Bank of the Republic*, 160 Mass. 398.)

The section is not unconstitutional.   It is not claimed that the act of Congress authorizing national banks is unconstitutional.   If Congress has power to authorize the creation of the national banks, it has power to protect them and to regulate their trade and intercourse with others by granting them special immunities, and protecting them against suits or proceedings in state courts by which their efficiency would be impaired. (*Chesapeake Bank v. First Nat. Bank of Baltimore*, 40 Md. 269; 17 Am. Rep. 601; *Freeman Mfg. Co. v. National Bank of the Republic, supra*.)

The process of attachment under our code is a creature of the statute.   It has always been held that the legislature might provide, not only the cases in which an attachment might issue, but the classes of property upon which it might be levied.   It has accordingly been held that money in the custody of the law is not the subject of attachment.   This court has held that an act providing for the dissolution of attachments levied within two

months before the filing of a petition in bankruptcy is constitutional. (*Baum v. Raphael*, 57 Cal. 361.)

The legislature of this state has provided, among other things, that courthouses, certain public buildings, and many classes of property shall be exempt from execution. It might provide that no attachment should issue in any case. We see no reason why the legislature of the nation has not the power to provide that no attachment shall issue against any bank created and existing under its authority.

The order should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.	Henshaw, J., Temple, J., McFarland, J.