### IN THE

# SUPREME COURT

### OF THE

## STATE OF IDAHO.

'(January 28, 1903.)

### THAYER v. BELLAMY.

[71 Pac. 544.]

INJUNCTION PENDENTE LITE—WHEN GRANTED WITHOUT NOTICE—WHEN DISSOLVED WITHOUT NOTICE—COUNTER-AFFIDAVITS MAY BE USED.—Under section 4295 of the Revised Statutes of 1887, application to dissolve a temporary injunction may be made as follows: 1. By the defendant upon the papers on which plaintiff obtained the injunction; 2. By the plaintiff upon the papers on which defendant obtained the injunction; 3. By either party upon affidavits, with or without answer. When the adverse party moves to dissolve a temporary injunction upon the papers on which it was granted, no notice is required to be given to the party who obtained the injunction, and no further showing can be made in opposition to such motion. On the other hand, where any counter-showing is made by the moving party, notice of the time and place of hearing must be given, and upon such hearing the party resisting the motion may present affidavits in opposition thereto, and is entitled to have such affidavits considered by the court or judge hearing the same.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

Milton A. Brown, for Appellants.

The first point presenting itself for consideration is the right to oppose the motion to dissolve an injunction by affidavits. If an injunction be granted without notice, the de-

fendant, at any time before the trial, may apply to the judge who granted the injunction, or to the court in which the action is brought, to dissolve or modify the same. The application may be made upon the complaint, and the affidavit on which the injunction was granted, or the answer, or upon affidavit on the part of the defendant, with or without the answer. If the application be made upon affidavits on the part of the defendant, it must be upon reasonable notice to the plaintiff, and in that case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence in addition to those on which the injunction was granted. (Rev. Stats., secs. 4295, 4297; *Hiller v. Collins,* 63 Cal. 235; *Falkingburg v. Lucy,* 35 Cal. 60, 95 Am. Dec. 76; *Hicks v. Compton,* 18 Cal. 206.) If the defendants move to vacate and dissolve the injunction on the complaint alone, then for the purposes of the motion all the allegations of the complaint are true. (*Farish v. Coon,* 40 Cal. 33.) Where grave questions are involved, and the dissolution of injunction may occasion serious damage, the injunction should never be dissolved. (*Patterson v. Board of Supervisors,* 50 Cal. 344; *Gilpin v. Sierra Nevada etc. Min. Co.,* 2 Idaho, 696, 23 Pac. 547, 1014.)

F. E. Ensign, for Respondents.

The rule seems to be almost, if not quite, universal, that the granting or refusing to grant, dissolving or refusing to dissolve, preliminary injunctions is left to the discretion of the district courts, and the higher courts will not interfere unless it is fully convinced that the district court has abused its discretion. (*De Godey v. Godey,* 39 Cal. 167; *McGreery v. Brown,* 42 Cal. 461; *Rogers v. Lamant,* 45 Cal. 184; *Patterson v. Board of Commrs.,* 50 Cal. 344; *Callet v. Central Pac. R. Co.,* 52 Cal. 65; *Payne v. McKinley,* 54 Cal. 532; *Parrot v. Floyd,* 54 Cal. 534; *White v. Numan,* 60 Cal. 406.)

AILSHIE, J.—This action was commenced May 21, 1902, by plaintiffs filing their complaint, and on the same day they filed the affidavit of William H. Walker, supporting all the material allegations of the complaint. The complaint, among

other things, alleges the citizenship of plaintiffs, ownership and right of possession of certain mining claims situated in the county of Custer, the wrongful and unlawful entry of defendants into and upon said mining claims through and by means of a tunnel run by defendants into the said mining claims of plaintiffs, and the wrongful and unlawful extracting and removing of ores therefrom. Thereafter, and on the fourth day of June, 1902, the district judge, upon said complaint and affidavit, and without notice to defendants, granted plaintiffs a temporary injunction, restraining the commission of the alleged acts pending the action. In October, 1902, the defendants filed their verified answer and cross-complaint, denying parts of the complaint, and setting up new matters in defense of the action. Among other things, it is admitted by the answer and alleged in the cross-complaint that plaintiffs are the owners of, and entitled to the possession of, the mining property described in plaintiffs' complaint, and that defendants have entered into and upon said claim by means of a tunnel; but they allege in defense thereof that said tunnel is following the dip of a vein, the apex of which is in and upon the mining claim and property of the defendants adjoining plaintiffs' claims. On the thirteenth day of October, 1902, the defendants, in open court, moved the court, upon the complaint and affidavit of Walker, on which the injunction had been granted, and their verified answer and cross-complaint, for a dissolution of the restraining order previously granted. The plaintiffs, whose attorneys were present in court, resisted the motion, and offered in opposition thereto the affidavits of J. A. McFadden, Fred A. Stimson, and W. H. Walker. The court rejected these affidavits, and refused to consider them, to which action and ruling of the court plaintiffs excepted, and assign the same as error.

In view of the conclusions we have reached in this case, it will be unnecessary for us to examine into the merits of the showing as made by the pleadings and affidavits filed and offered for the consideration of the trial judge upon the issuance of the injunction, and upon the motion to dissolve same. The vital

question here presented is the right of the plaintiffs to oppose by affidavits the motion of defendants to dissolve the injunction.

Section 4295 of the Revised Statutes of 1887 provides: "If an injunction be granted without notice, the defendant, at any time before the trial, may apply to the judge who granted the injunction, or to the court in which the action is brought, to dissolve or modify the same. The application may be made upon the complaint and the affidavit on which the injunction was granted, or the answer or upon affidavit on the part of the defendant, with or without the answer. If the application be made upon affidavits on the part of the defendant, it must be upon reasonable notice to the plaintiff, and in that case, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence, in addition to those on which the injunction was granted." It is now contended by appellants that, where the defendants offered their verified answer and cross-complaint in opposition to the complaint and affidavit on which the injunction had been granted, plaintiffs at once, by virtue of said section 4295, became entitled, as matter of law, to notice, and the right to have all affidavits presented by them considered on such hearing. Section 118 of the California Practice Act was the same as section 4295, above quoted, with the exception that the words "or the answer," following the first clause of the second sentence of our section, do not appear in the California statute. Section 532 of the California Code of Civil Procedure is the same as section 118 of the Practice Act. The California supreme court, in case of *Falkinburg v. Lucy,* 35 Cal. 60, 95 Am. Dec. 76, in construing section 118 of the Practice Act, in a case similar to the one here under consideration, used the following language: "The plaintiff is entitled to an injunction at the time of issuing the summons upon the complaint alone, if it makes a proper case and is verified in the manner stated in the one hundred and thirteenth section; but, if he asks for an injunction at any time thereafter, he must do so upon affidavits. If the injunction has been granted without notice to the defendant, he may move to dissolve—1. Upon the complaint and affidavits, or, in other words, the papers, whatever they

may have been, upon which the injunction was granted; or 2.
Upon the papers upon which it was granted, and affidavits on
the part of defendant, with or without the answer. If the
defendant rests his motion upon the papers upon which the in-
junction was granted, the plaintiff can make no further show-
ing, but must stand upon his complaint, or his complaint and
affidavits, as the case may be. If, however, the defendant
makes a counter-showing by affidavit, with or without the an-
swer, the plaintiff may meet it with a further showing on his
part. It will be observed that the defendant is not allowed to
move upon the answer, with or without affidavits, but upon affi-
davits, with or without the answer; hence, if he moves upon
what he has prepared as his verified answer, he makes it an
affidavit, in the sense of the statute, for all the purposes of his
motion, and he cannot deprive the plaintiff of his right to reply
by calling it an 'answer,' instead of an 'affidavit.' " This case
has been cited with approval in *Hiller v. Collins,* 63 Cal. 235,
and *Hefflon v. Bowers,* 72 Cal. 270, 13 Pac. 690. In the latter
case the court say: "So long as the defendant rests his right to
have the order vacated or modified upon the same matters which
were considered by the court in granting it, there can be no
good reason for allowing the plaintiff to be heard; but when the
defendant goes further, and offers evidence to overcome the
plaintiff's *prima facie* case and especially in cases like this,
where he relies upon the fact that since the issuance of the in-
junction the principal thing complained of has been abated, it
becomes necessary, by virtue of both the reason and the letter
of the rule, that the plaintiff should be permitted to support
with additional evidence the *prima facie* case, which is all he
was required to make in the first instance." Section 526 of the
Code of Civil Procedure of California, which enumerates the
cases in which an injunction may be granted, has no provision
corresponding to subdivision 5 of section 4288 of our statute;
and the same was true as to section 112 of the Practice Act,
which provided the cases in which an injunction might issue. It
will be observed that in California an application to dissolve a
temporary injunction may be made: 1. Upon the complaint

and affidavit on which the injunction was granted; 2. Upon affidavit on the part of defendant, with or without answer— while in this state the application may be made: 1. Upon the complaint and affidavit on which the injunction was granted; 2. On the answer; 3. Upon affidavit on the part of the defendant, with or without the answer. After a careful examination, and comparison of these statutes, and in view of the fact that no provision existed in California, from which our statute was taken, for the issuance of an injunction upon the filing of a cross-complaint, we have arrived at the conclusion that the right to apply on the answer was intended by the legislature as a right to the plaintiff in case an injunction is granted to the defendant upon a cross-complaint. And we think the words "or the answer," as used in section 4295, refer to the cross-complaint mentioned in subdivision 5 of section 4288, which cross-complaint may be filed "at the same time" the answer is filed, or subsequently, by permission of court. As we interpret section 4295, it is the intention to provide: 1. That the application may be made by the defendant upon the papers on which plaintiff obtained the injunction; 2. The application may be made by plaintiff upon the papers (cross-complaint) on which defendant obtained the injunction; 3. The application may be made by either party upon affidavit, with or without answer, which answer would be the answer either to the complaint or cross-complaint, as the case might be. It was evidently intended to give the plaintiff the same right of applying for dissolution of an injunction granted to the defendant without notice as is given the defendant where injunction is granted plaintiff without notice, but, if that authority be not found in section 4295, it is wholly unprovided for in our statutes. Section 4297, providing the order of procedure on such hearings, bears out this view, in the use of language applicable equally to plaintiff and defendant. Where an injunction has been granted without notice to the adverse party, the party enjoined may move to dissolve the same; and, if he rests his motion upon the papers on which the injunction was granted, he is entitled to have his motion heard and passed upon without any notice whatever to his adversary. On the other hand, if he seeks, by

verified answer or cross-complaint or affidavits, to overcome the showing made for the issuance of the injunction in the first instance, he must do so upon reasonable notice of the time and place of hearing, and upon such hearing the party in whose favor the order has been granted may present affidavits in opposition to the motion; and it is error for the court to reject such affidavits, and refuse to consider them. The principle involved is dictated by the clearest reason and justice. When a plaintiff makes his showing which, upon its face, entitles him to a temporary restraining order, and obtains such order, and gives his undertaking, as he must do to make his order of any binding effect, it would be unjust, not to say trifling with the orders of the court, to allow a defendant to come in and attack that showing by verified answer, cross-complaint, or affidavits, without giving the plaintiff a chance to be heard. If the defendant thinks the plaintiff has not made a sufficient showing on which to grant such order, and makes his motion on that ground, then there is no good reason why the plaintiff should have any notice, or be heard in opposition thereto. In such a case the defendant says: "You are not entitled to the order, on your own showing, and the same should be dissolved."

It is contended by the able counsel for respondents that section 4801 of the Revised Statutes is controlling on the question of notice. That section is as follows: "An order made out of court, without notice to the adverse party, may be vacated or modified without notice, by the judge who made it; or may be vacated or modified on notice in the manner in which other motions are made." This is the second section, found under chapter 1 of title 13 of the Code of Civil Procedure, Revised Statutes of 1887, the title of which chapter is "Appeals in General." This is a general provision, and if it contained anything in conflict with section 4295, which deals with the specific subject of injunctions, the general statute would give way to the specific one, but we do not think these statutes in conflict. Section 4801 is a general statute providing for vacating or modifying such orders, only, as are not specifically provided for elsewhere. We are cited to the case of *Oro Fino Min. Co.* *v.* *Cullen,* 1 Idaho, 113, as sustaining this position of respondents.

We have carefully examined that case, but do not find anything contained therein in conflict with the views herein expressed.

The order dissolving the injunction is reversed and vacated, and cause remanded, with direction that the district court take further proceedings in accordance with the views herein expressed. Costs awarded to appellants.

Sullivan, C. J., and Stockslager, J., concur.