(June 11, 1904.)

# MEYER v. FIRST NATIONAL BANK OF COEUR D'ALENE.

[77 Pac. 334.]

INJUNCTIONS—DISSOLUTION WITHOUT NOTICE—WILL NOT ISSUE AGAINST NATIONAL BANKS—SUFFICIENCY OF SHOWING.

1. When the adverse party moves to dissolve a temporary injunction upon the papers on which it was granted, no notice is required to be given to the party who obtained the injunction: *Thayer v. Bellamy*, 9 Idaho, 1, 71 Pac. 544, approved and followed.

2. That portion of section 5242, United States Statutes (Comp. Stats. 1901, vol. 3), which provides that "No attachment, injunction, or execution shall be issued against such association (national bank) or its property before final judgment in any suit, action or proceeding in any state, county or municipal court," is a complete bar to the issuance of any such writ or order from a state court against a national banking association.

3. Complaint and affidavits examined and held sufficient to authorize issuance of injunction against all defendants except one named as a national bank.

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

Plaintiffs filed their complaint and affidavits praying a temporary injunction. On this showing a temporary injunction

was issued without notice to defendants. Upon application of defendants, without a counter showing and without notice to the plaintiffs, the injunction was dissolved, from which order plaintiffs appealed. Order modified.

The facts are stated in the opinion.

Charles L. Heitman, for Appellants.

The temporary restraining order in this cause should not have been dissolved by the district court because it appeared to the court that irreparable injury would be sustained by the party applying therefor, and there was an urgent necessity for restraining said respondents, there being no other adequate remedy. The temporary restraining order in this case was not to afford a remedy for the past injuries, the appellants not praying for damages, but to prevent imminent future and continued injury. (4 Field's Lawyer's Briefs, sec. 252; *Fonda etc. Ry. Co. v. Olmstead,* 84 App. Div. 127, 81 N. Y. Supp. 1041.) The general rule as to the dissolution of injunctions granted against several defendants jointly is that a dissolution will not be allowed until all the defendants implicated in the charge have fully answered, denying the equities of the bill. The rule is based upon the necessity of protecting the rights of complainant by retaining the injunction until the personal knowledge of all the defendants has been tested as to the facts alleged in the bill, and until this is done complainant has a right to insist upon the protection of the court. (High on Injunctions, sec. 1528; also *Page v. Vaughan et al.,* 133 Cal. 335, 65 Pac. 740.) The defendant failed to apply for the dissolution of the injunction in compliance with the long-established rules of equity. If the injunction be applied for before the answer it must necessarily be sustained on affidavit, and the defendant may resist it on the counter-affidavits; or if it has been obtained *ex parte,* he may move to dissolve it on counter-affidavits, or may wait until he has filed his answer and then move to dissolve. (Adams' Equity, p. 356; *Marks v. Weinstock Lubin & Co.,* 121 Cal. 53, 53 Pac. 362.) When the statute says "without notice" in section 4295 it does not mean "without appearance," which must be legally made by the defendant before he can voluntarily place himself within the juris-

diction of the court; and section 4892 should govern and control the appearance under section 4295, because said last section—4295—does not prescribe by what means the trial court shall acquire jurisdiction. (*Vrooman v. Li Po Tai et al.,* 113 Cal. 302, 45 Pac. 470.) To entitle a defendant to the dissolution of an injunction, he must deny the entire equity of the bill, directly and without evasion. (High on Injunctions, sec. 1475.) It was not necessary to show that the defendants were insolvent to entitle plaintiffs to an injunction against the raising of the level of the street in front of his hotel. (*Schaufele v. Doyle et al.,* 86 Cal. 107, 24 Pac. 834; *Crescent City Wharf etc. Co. v. Simpson et al.,* 77 Cal. 286, 19 Pac. 426.) An unlawful conspiracy to operate by continuous unlawful acts to the injury of the plaintiff or his property rights is a nuisance which equity will enjoin. (*Plant v. Woods,* 176 Mass. 492, 79 Am. St. Rep. 330, 57 N. E. 1011, 51 L. R. A. 340.) Restrictive covenants in deeds, leases and agreements limiting the use of land in a specified manner or prescribing a particular use, which create equitable servitudes on the land, will be specifically enforced in equity by means of an injunction, not only between the immediate parties, but also against subsequent purchasers with notice. (Pomeroy's Equity Jurisprudence, secs. 1339, 1342.) Nor is it necessary that the covenant whose enforcement is sought should run with the land so as to be binding in law upon purchasers, since equity will restrain purchasers with notice of the covenant from doing any act in violation of its terms, although the covenant may not run with the land, so that no action at law could be maintained thereon against purchasers. (High on Injunctions, sec. 1152; *Smithers v. Fitch et al.,* 82 Cal. 153, 22 Pac. 935; *Mott v. Ewing et al.,* 90 Cal. 231, 27 Pac. 194; Bispham's Principles of Equity, sec. 435, p. 560.) That one may have relief for trespass, it is enough to show *bona fide* possession of the premises, under claim and color of title. (*Kellogg v. King et al.,* 114 Cal. 378, 55 Am. St. Rep. 74, 46 Pac. 166.)

Fred L. Burgan, for Respondents.

The injunction should have been dissolved for the further reason that state and county courts have no authority and are

forbidden to issue an injunction against a national bank. (See U. S. Rev. Stats., 43d Cong. 1873-75, p. 1019, sec. 5242; *Chesapeake Bank v. First Nat. Bank of Baltimore,* 40 Md. 269, 17 Am. Rep. 601.) The injunction was granted without notice to the defendants and a peremptory writ was issued, not an alternative, and no time or place was fixed when the defendants might make a showing why the injunction should not issue, and after service of summons and return by sheriff, and the service of the writ of injunction on all of the defendants, the respondents applied to the court for a dissolution of the same upon the files and records as used by the appellants to secure the order of injunction, and as the records show that respondents introduced no evidence, filed no answer, but made their motion purely upon the records made by the appellants, respondents submit that their proceeding was entirely within "the long-established rules of equity," and in strict conformity with the statutes of Idaho as construed by the supreme court of this state. (Rev. Stats., sec. 4295; *Thayer v. Bellamy,* 9 Idaho, 1, 71 Pac. 544; *Leitham et al. v. Cusick et al.,* 1 Utah, 242.) The matter of continuing or dissolving an injunction is largely within the sound discretion of the court, and will not be reversed by the appellate court unless gross abuse of such discretion is shown. (*Mark v. Weinstock, Lubin & Co.,* 121 Cal. 53, 53 Pac. 362, cited by appellants; High on Injunctions, 899.)

AILSHIE, J.—This action was commenced against the First National Bank of Coeur d'Alene and S. A. Varnam. Plaintiffs filed their complaint and supported the allegations thereof by five separate affidavits, and on the showing so made the district judge issued an injunction against defendants, enjoining and restraining them from further commission of the acts threatened and of which the plaintiffs complained. The injunction was served upon the defendants on the eleventh day of January, 1904, and thereafter, and on the thirteenth day of the same month, the defendants applied to the judge who ordered the writ for a dissolution thereof. This motion was made without notice to the plaintiffs and upon the papers used in obtaining the injunction in the first instance. After hearing the application of the defendants, the district judge made an

order dissolving the injunction upon the grounds that it had been issued "without sufficient ground and that no sufficient ground to warrant interposition of the court of equity is alleged in the complaint and moving papers of the plaintiff herein, and plaintiffs have a plain, speedy and adequate remedy at law." From the order thus made dissolving the injunction this appeal has been taken.

Plaintiffs' first assignment of error is "that the court erred in dissolving the injunction without notice to the plaintiffs and without giving plaintiffs an opportunity to be heard in opposition to said motion." There is no merit in this assignment. We disposed of this question in *Thayer v. Bellamy*, 9 Idaho, 1, 71 Pac. 544, where it was said: "When the adverse party moves to dissolve a temporary injunction upon the papers upon which it was granted, no notice is required to be given to the party who obtained the injunction, and no further showing can be made in opposition to such motion." (See Rev. Stats., sec. 4295.)

The other assignments made by appellants go to the merits of the case. The respondents, however, have presented a valid and sufficient reason for the dissolution of the injunction as to the defendant bank at least. They rely upon section 5242 of the United States Statutes (3 Comp. Stats., 1901), which, after making certain provisions against preferences in favor of creditors of national banks, concludes with the following prohibition: "And no attachment, injunction or execution shall be issued against such association or its property before final judgment in any suit, action or proceeding in any state, county, or municipal court." This statute is a complete bar to the issuance of an injunction by a state court against a national banking association. This view has been held by the courts so generally and uniformly that it requires no discussion here. (See *Pacific Nat. Bank v. Mixter*, 124 U. S. 721, 8 Sup. Ct. Rep. 718, 31 L. ed. 567; *Freeman Mfg. Co. v. National Bank*, 160 Mass. 398, 35 N. E. 865; *Dennis v. First Nat. Bank of Seattle*, 127 Cal. 453, 78 Am. St. Rep. 79, 59 Pac. 777; *Garner v. Second Nat. Bank of Providence*, 66 Fed. 369; *Chesapeake Bank v. First Nat. Bank of Baltimore*, 40 Md. 269, 17 Am.

Rep. 601; *National S. Bank v. Butler,* 129 U. S. 223, 9 Sup. Ct. Rep. 281, 32 L. ed. 682.)

For the foregoing reason alone the injunction was properly dissolved as against the bank. The same reason, however, could not be urged for dissolving the injunction as to the defendant Varnam. The complaint, after alleging the corporate existence of the bank, shows that in June, 1903, the plaintiff, Edwin N. La Veine, entered into an agreement of lease with one P. J. Scallon, who was then the owner of the leased premises, whereby La Veine leased from the said Scallon three office rooms in Coeur d'Alene city for the period of one year, with the option of continuing the lease for the further period of one year upon the same terms and conditions. Thereafter, and on the 10th of July, 1903, La Veine sublet two of the office rooms to the plaintiff, M. M. Meyer—subletting of the premises having been authorized by the lease. The rents were paid from time to time as they became due and the plaintiffs had installed their furniture and opened up business in the offices. Thereafter, and prior to the commencement of this action, the defendant, First National Bank, purchased from Scallon the property leased to and occupied by plaintiffs. It is then charged that the defendant Varnam, under contract with, and employment by, the defendant bank, on or about the nineteenth day of December, 1903, began to make changes and repairs about the building, and in doing so tore down and destroyed the partition between those rooms and adjoining rooms and injured and damaged some of the plaintiff's personal property and office furniture and made excavations in front of the offices so that the patrons and clients of the plaintiffs could not reach their offices and place of business, and that in pursuance of the purposes and designs of the defendants, Varnam had commenced the construction of a large brick wall which he threatened to build into and through the offices and rooms occupied by the plaintiffs and thereby render the offices unfit for use and occupation. It is also alleged that the defendant bank had threatened to oust and eject the plaintiffs from the rooms occupied by them, and that they were maliciously and willfully committing various trespasses for the purpose of annoying and disturbing the plaintiffs and of eventually driving them from

the offices and rooms rented by them. It is also charged that these acts were done in pursuance of a conspiracy entered into between the bank and Varnam. It also appears that either Varnam or the bank officials had caused the water. hydrants to be disconnected, thereby shutting off the plaintiff's water supply.

The willful commission of trespasses is outside of and beyond the authority and scope of powers granted to national banks, and becomes the personal and individual act of the officers or persons who commit or threaten to commit the same. We cannot see how a national bank, as such, can threaten to commit a trespass, but we can understand how its officers might do so and for such acts they would be personally liable. It was evidently the purpose of Congress to prohibit attachments and injunctions issuing from state courts against national banks, and it is equally certain that the purpose was not to protect them in the commission of torts and trespasses, but rather to prevent any interference with the legitimate business for which such banks are organized.

The complaint states a cause of action and upon its face entitled plaintiffs to a temporary injunction against the defendant Varnam. The contention of defendants that plaintiffs have an adequate remedy by an action at law and cannot therefore resort to an equitable remedy is not well founded. It is true that they have their remedy for damages, but under our statute, section 4288, Revised Statutes, a party is not under the necessity of waiting till his property has been damaged and destroyed and his business disorganized and his premises encroached upon to the extent of his own ouster and then resorting to an action at law for redress. In *Staples v. Rossi,* 7 Idaho, 618, 65 Pac. 67, this court laid down the rule under our statute as follows: "Injunctions will issue to restrain temporarily an act which will result in great damage to the plaintiff, although the injury is not irreparable, and notwithstanding that other remedies lie in behalf of plaintiff."

The order appealed from will be affirmed as to the defendant bank and reversed as to defendant Varnam. Costs awarded to appellants.

Sullivan, C. J., and Stockslager, J., concur.