[Civ. No. 23250. First Dist., Div. Three. Feb. 10, 1966.]

FIRST NATIONAL BANK OF OAKLAND, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; NORTHERN CALIFORNIA SMALL BUSINESS INVESTMENT COMPANY, Real Party in Interest.

Hollander, Lipian, Horwitz & Kornfield and Irving J. Kornfield for Petitioner.

No appearance for Respondent.

Roger L. Mosher, T. C. Carlstrom, McCloskey, Wilson, Mosher & Martin and William I. Cohen for Real Party in Interest.

DRAPER, P. J.—Petitioner is a national banking association. It and real party in interest are beneficiaries of separate deeds of trust upon all or part of the same property. Defaults occurred under both deeds, and the beneficiaries differed as to their respective priorities.

 Real party filed an action in the superior court. That court issued temporary restraining order prohibiting sale by petitioner under its deed of trust. Petitioner's request for dissolution of the order was heard shortly before the scheduled hour of sale. The court asked petitioner to postpone the sale for two hours to permit completion of other matters already set and to review petitioner's authorities. The request was denied and the court then refused to dissolve its restraining order. Petitioner nonetheless conducted the sale under the deed of trust, and bid in the property. After hearing on an order to show cause, the court held petitioner in contempt and assessed fine of $500. It also vacated the sale. Upon petition, writ of review and alternative writ of prohibition issued.

Federal statute provides that "no attachment, injunction, or execution, shall be issued against [a national banking association] or its property before final judgment in any . . . action . . . in any State . . . court" (12 U.S.C.A., § 91).

Although the earlier clauses of the same section deal with insolvent banks, the legislative history makes clear that this qualification does not limit the last clause, that quoted above. The proscription of state court attachment or injunction before final judgment "is by no means confined to cases of actual or contemplated insolvency." Rather, it bars the interim remedy in state courts as to any national bank (*Pacific Nat. Bank* v. *Mixter*, 124 U.S. 721, 727 [8 S.Ct. 718, 31 L.Ed. 567; see also *Dennis* v. *First Nat. Bank of Seattle*, 127 Cal. 453 [59 P. 777, 78 Am.St.Rep. 79]). It should be noted that assets of another, in possession of such a bank, are not immune to garnishment in an action against their owner (*Earle* v. *Pennsylvania*, 178 U.S. 449, 454 [20 S.Ct. 915, 44 L.Ed. 1146]).

Real party argues that a temporary restraining order is not an injunction. But California has long recognized the substantial identity of the two in such jurisdictional matters as the right of appeal (*Neumann* v. *Moretti*, 146 Cal. 31 [79 P. 512]; *Laam* v. *McLaren*, 28 Cal.App. 632 [153 P. 985]). Recognition of procedural distinctions between the two, as in express statutes requiring a bond for one but not the other

(*Neumann* v. *Moretti, supra*), does not aid real party. The federal statute bars any injunction before final judgment, and to seek to sustain interim injunctive relief because of the name given it by the state would be but to quibble with the clear federal purpose.

 The trial court acted beyond its jurisdiction in issuing the temporary restraining order. Since that order must fall, all contempt proceedings based upon its violation fall with it.

The order vacating the sale, however, is not similarly affected. Except for a limited area reserved to the federal courts, general jurisdiction over actions by or against national banks is expressly conferred upon the state courts (28 U.S.C.A., § 1348; see *Continental Nat. Bank* v. *Buford,* 191 U.S. 119, 123-124 [24 S.Ct. 54, 48 L.Ed. 119]). Vacation of this sale is not within the subject matter reserved to the federal jurisdiction. Nor is the remedy one barred to state courts by section 91.

This decision is in no way critical of the trial judge. The rule of section 91 is little known in the California practice and seems seldom resorted to by the many national banks of this state. It is difficult to understand counsel's rejection of the judge's eminently reasonable request for a two-hour postponement of sale to permit review of petitioner's authorities. We are bound, however, by the federal statute barring interim injunctive relief in all state courts.

The temporary restraining order and the order adjudging petitioner in contempt for its violation are annulled. Since this remedy suffices, the alternative writ of prohibition is discharged.

Salsman, J., and Devine, J., concurred.

The petitions for a rehearing were denied March 11, 1966, and the applications of the petitioner and the real party in interest for a hearing by the Supreme Court were denied April 5, 1966.