[Civ. Nos. 23500, 24074. First Dist., Div. Three. Mar. 27, 1967.]

ROBERT H. KEMPLE et al., Plaintiffs and Appellants, v. SECURITY FIRST NATIONAL BANK OF LOS ANGELES et al., Defendants and Respondents.

(Two Cases.)

Nakashima, Kimball & Boynton, Frank C. Burriesci and Theodore K. Boynton for Plaintiffs and Appellants.

Ruffo & Oneto and Thomas P. O'Donnell for Defendants and Respondents.

BROWN (H. C.), J.—These are appeals from (1) an order denying a preliminary injunction against respondent, a national banking association, (2) a minute order denying a stay of the order denying a preliminary injunction, and (3) the sustaining of a demurrer without leave to amend to those portions of the amended complaint relating to the claim for a preliminary injunction.

Appellants sold certain real property and reserved a right of re-entry to the property as security for the payment of the balance of the purchase price. Appellants permitted their right of re-entry to be subordinated to a first deed of trust in favor of respondent Security First National Bank (hereinafter called Bank) who granted a loan to the purchasers for the construction of a motel on the property. The purchasers defaulted on the installment payments and Bank filed a notice of intention to sell under its first deed of trust. Appellants filed this action against the purchasers and the Bank claiming, *inter alia,* that appellants were fraudulently induced to sign the subordination agreement and applied for a preliminary injunction to restrain Bank from selling the property under the terms of Bank's deed of trust.

At the time of filing their verified complaint on July 14, 1965, appellants obtained a temporary restraining order and an order to show cause why a preliminary injunction should not issue. On July 28, 1965, the parties appeared in response to the order to show cause and the application for a preliminary injunction was argued. The matter was submitted but the court set aside its order of submission and the case was set for further hearing. On October 19, 1965, the superior court made an order denying appellants' application for the preliminary injunction and dissolving the temporary restraining order. The superior court in a minute order also denied appellants' application for a temporary restraining order to maintain the status quo pending appeal.

Appellants filed an amended complaint which contained a cause of action asking for a preliminary injunction. A demurrer without leave to amend was sustained to that part of the amended complaint containing allegations for a preliminary injunction.

■ Appellants' motion for a preliminary injunction was properly denied by the trial court. A federal statute prohibits a preliminary injunction against a national banking associa-

tion. The statute provides that "no attachment, injunction, or execution, shall be issued against [a national banking association] or its property before final judgment in any . . . action . . . in any State . . . court." (12 U.S.C.A., § 91.)

Appellants argue that the federal statute by its own terms applies only when a national banking association's efficiency would be impaired. A recent case, *First Nat. Bank* v. *Superior Court,* 240 Cal.App.2d 109 [49 Cal.Rptr. 358], cert. denied, 385 U.S. 829 [17 L.Ed.2d 65, —— S.Ct. ——] settled this issue adversely to appellant stating: "Although the earlier clauses of the same section deal with insolvent banks, the legislative history makes clear that this qualification does not limit the last clause, that quoted above. The proscription of state court attachment or injunction before final judgment 'is by no means confined to cases of actual or contemplated insolvency.' Rather, it bars the interim remedy in state courts as to any national bank (*Pacific Nat. Bank* v. *Mixter,* 124 U.S. 721, 727 [31 L.Ed. 567, 8 S.Ct. 718]; see also *Dennis* v. *First Nat. Bank of Seattle,* 127 Cal. 453 [59 P. 777, 78 Am.St.Rep. 79])." (At p. 110.) In the *First Nat. Bank* v. *Superior Court* case, *supra,* the trial court issued a temporary restraining order prohibiting a sale under a deed of trust after a priority dispute arose. The court held that in view of the federal statute the trial court acted beyond its jurisdiction in issuing the temporary restraining order. (*First Nat. Bank* v. *Superior Court, supra,* p. 111.) Therefore it is clear that the superior court below did not have jurisdiction to grant a preliminary injunction. (The terms "preliminary injunction" and "temporary restraining order" are used interchangeably.) (*First Nat. Bank* v. *Superior Court, supra,* pp. 110-111.)

The order sustaining the demurrer without leave to amend to those portions of the amended complaint relating to a preliminary injunction and the order denying the temporary restraining order must also be affirmed by reason of the federal statutory provisions pertaining to national banks, *supra.*

There is no merit to the contention that Bank waived its rights under the provision of 12 U.S.C.A., section 91, by its failure to raise the defense of the federal statute at the initial hearing. Bank argued the applicability of the statute in its brief and at oral argument after the hearing on the preliminary injunction was reopened. This was timely.

The orders appealed from are affirmed.

Draper, P. J., and Salsman, J., concurred.