INTERNATIONAL LEATHER DISTRIBUTORS, INC., Respondent, *v.* CHASE MANHATTAN BANK, N. A., Appellant.

First Department, June 11, 1974.

*Andrew J. Connick* of counsel (*David R. Foley* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for appellant.

*James P. Beggans, Jr.,* of counsel (*Nicholas R. Doman* with him on the brief; *Doman, Stuchiner & Beggans,* attorneys), for respondent.

*Per Curiam.* In this action for a permanent injunction the main facts are not in dispute. Plaintiff opened a bank account with defendant, a national bank. In so doing plaintiff executed signature cards and filed with the bank copies of resolutions of its board of directors authorizing transactions in the account. Thereafter other signature cards and resolutions were given to the bank superseding those previously filed. This controversy concerns the original cards and resolutions. Plaintiff claims that the signatories who executed the cards were not officers of plaintiff and were given the right to sign for purposes of convenience. It further appears that the Argentine government is investigating certain alleged violations of currency regulations in which these signatories were allegedly involved. It has requested the defendant to turn over the cards in question.

Plaintiff fears that if this is done it will be found in Argentina that plaintiff participated in the alleged unlawful activities and will be subjected to ruinous sanctions. Plaintiff further claims that defendant has a very large interest in Banco Argentino de Comercio (BAC), an Argentine bank, which would be subject to heavy penalties if it failed to co-operate in the investigation. Plaintiff claims that defendant, to protect its interest in BAC, will, unless enjoined, turn over the cards to the Argentine authorities.

Defendant does not deny this intention though it disputes that BAC is in a threatened position and further denies that it has made any representation to the Argentine authorities as to any connection of the signatories with plaintiff. Defendant's first objection to the injunction is based on section 52 of the National Bank Act (U. S. Code, tit. 12, § 91), which in broad terms forbids any State court from issuing a temporary injunction in advance of final judgment against a national bank. The section has repeatedly been given effect (*Van Reed* v. *People's Nat. Bank,* 198 U. S. 554; *First Nat. Bank of Oakland* v. *Superior Ct. of Santa Clara County,* 240 Cal. App. 2d 109; *Kemple* v. *Security First Nat. Bank of Los Angeles,* 249 Cal. App. 2d 719). Some members of this court, relying on the unequivocal language of the section and decisions in other jurisdictions (*Miller* v. *Mercantile National Bank of Hammond,* 234 Ind. 202; *Freeman Mfg. Co.* v. *National Bank of Republic,* 160 Mass. 398), would hold that the prohibition applies in this situation and would accordingly reverse on this ground alone. Others of this court believe the section does not apply to all situations, as, for instance, where a national bank proposed to cut down trees on land which it did not own. These Justices believe that a person aggrieved would not have to await the accomplishment of the trespass before taking action. It is not necessary to resolve this difference at this point because we are all in accord that the injunction must be vacated.

It is quite clear that the documents in question constitute records of the defendant bank to be used by it for any purpose not forbidden by law. Plaintiff claims that making these papers available to the Argentine authorities constitutes a disclosure of confidential information. Not so. It is not disputed that the Argentine authorities already know the facts of which these documents are merely the physical proof. No information, confidential or otherwise, will be revealed by making the papers available to the Argentine authorities. No irreparable harm can result to the plaintiff from the act. If, as plaintiff claims,

the data will be misused in Argentina to establish a false claim of identity between plaintiff and the signatories, the facts already known could be used to the same effect. For these reasons we believe the injunction to have been improvidently granted.

The order entered January 23, 1974, New York County (ASCH, J.) granting a temporary injunction should be reversed on the law and the facts and the motion for an injunction denied with costs.

McGIVERN, P. J., MARKEWICH, NUNEZ, MURPHY and STEUER, JJ., concur.

Order, Supreme Court, New York County, entered on January 23, 1974, unanimously reversed, on the law and the facts, and the motion for an injunction denied. Appellant shall recover of respondent $40 costs and disbursements of this appeal.