SAMUEL RAYNOR et al., Appellants, *v.* THE PACIFIC NATIONAL
BANK OF BOSTON, Respondent.

An attachment issued against a National bank, which is at the time insolv-
ent, is invalid (U. S. R. S., § 5242), and is not made valid by the subse-
quent acquisition by the bank of further capital.

The fact that the bank after the issuing of the attachment paid a large
amount of its debts in full does not estop it from questioning the validity
of the attachment.

The provision of the National Banking Act prohibiting attachments in such
cases is not repealed by the act of Congress of July 12, 1883, providing
that the jurisdiction for suits thereafter brought against National banks
shall be the same as for suits against State banks, and repealing laws in-
consistent therewith.

(Argued June 28, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Superior
Court of the city of New York, made April 17, 1883, which
affirmed an order of Special Term, vacating an attachment
issued herein and a levy made under it.   The General Term
order states the affirmance to be " on the ground that the de-
fendant was insolvent, or in contemplation of insolvency at the
time said attachment was granted, and, therefore, the court
below had no jurisdiction to issue said attachment."

The material facts are stated in the opinion.

*Matthew Hale* for appellants.   The official statements of the
officers of defendant, coupled with the action of the comptroller
of the currency, amount to an adjudication that the bank was
not insolvent when this attachment was levied.   (United States
Revised Statutes, §§ 5241, 5227, 5228, 5234, 5226, 5227 ; Act
of June 30, 1876, § 1.)   The defendant is estopped from set-
ting up its insolvency as a ground of vacating the attachment.
(*Dezell* v. *Odell*, 3 Hill, 215, 219, 222 ; *Fleischman* v. *Stern.*
90 N. Y. 110, 116.)   The only right the receiver got was to
take the fund in the plight it was in at the date of his appoint-
ment.   (Drake on Attachments, § 2224 ; *Dunlap* v. *Patterson
F. Ins. Co.*, 12 Hun, 627 ; 74 N. Y. 145 ; *Van Loan* v. *Kline,*

10 Johns. 135; *Hannah* v. *Felt*, 15 Iowa, 141; *Lyon* v. *Sanford*, 5 Conn. 544.)

*Willard Bartlett* for respondent. An attachment cannot be obtained before judgment in a State court, against the property of a National banking association, which has committed an act of insolvency or is in contemplation of insolvency. (R. S. of U. S., § 5242; *Robinson* v. *Nat. B'k of Newberne*, 81 N. Y. 385.) An act of insolvency within the meaning and contemplation of section 5242 of the Revised Statutes of the United States is not necessarily such an act as would require the comptroller to appoint a receiver. (*Irons* v. *Manufacturers' Nat. Bank*, 6 Bissell, 301.) The right of a receiver to move to vacate such an attachment as this is no longer open to question. (*Nat. Shoe & L. B'k* v. *Mechs.' Nat. B'k*, 89 N. Y. 440.)

RAPALLO, J. The attachment was issued on the 9th of January, 1882. If at that time the defendant was insolvent, or in contemplation of insolvency, or had committed an act of insolvency, the attachment was prohibited by section 5242 of the Revised Statutes of the United States, and the order setting it aside should be affirmed. (*Robinson* v. *Nat. Bank of Newberne*, 81 N. Y. 385; 37 Am. Rep. 508.)

We think the evidence submitted to the court below was ample to sustain its conclusion that the bank had committed an act of insolvency, and was insolvent, when the attachment was issued; where it is conflicting we do not review it. The affidavit on which the attachment was granted stated that the bank was in an embarrassed condition and was about to, or had failed; the affidavit of the bank examiner showed that the bank had been insolvent since the 18th of November, 1881, and its doors had been closed since that time; that its debts and obligations greatly exceeded the total value of all its available assets. On the 22d of May, 1882, it was placed in the hands of the receiver.

At the time of the issuing of the attachment, January 9,

1882, the property and affairs of the bank were actually in charge of Daniel Medham, a National bank examiner, under the direction of the comptroller of the currency. The report of the examiner clearly shows that at that time the bank was insolvent to a large amount, there being a deficiency in its assets of over one million dollars. Afterward by an assessment upon its stockholders, and voluntary aid extended to it by its directors, it placed itself in such condition that it was enabled in March, 1882, to resume business for a short period, but ultimately failed, and was officially declared insolvent on the 22d of May, 1882.

The condition of the bank at the time the attachment was issued is the material point. The attachment having been issued when the bank was clearly insolvent, it was illegally issued, in violation of the statute, and could not be made valid by the subsequent acquisition by the bank of further capital. If the attempt to restore the bank to a sound condition had been successful, probably further litigation on the subject of the attachment would have been unnecessary, for all the debts could have been paid. But the resuscitation was only of short duration ; during its brief continuance the bank paid a large amount of debts in full, and the plaintiffs now urge that this fact should estop it from setting up its insolvency to avoid the attachment of the plaintiff. But it must be observed that the application to set aside the attachment is not made by the bank for the benefit of its stockholders, but is made for the benefit of the remaining creditors, and the fact that the fund to which they look for the payment of their claims has already been depleted by the payment to some creditors in full is no reason for permitting other preferences to be obtained.

Since the argument of this case our attention has been called to section 4 of the act of Congress of July 12, 1883, which it is claimed operates as a repeal of section 5242 of the United States Revised Statutes. We do not think that such is its effect. In the first place the section referred to applies by its express terms only to suits *thereafter* brought against National banks. Secondly, it provides merely that the *jurisdiction for such*

*suits* shall be the same as for suits against State banks. The repeal is only of laws inconsistent with the above provision. We do not see that the law which prohibits the issuing of attachments against insolvent National banks conflicts with the provision in regard to the courts in which suits against such banks may be brought. There is no inconsistency in conferring jurisdiction of the suits on certain courts, and at the same time prohibiting suitors in those courts from issuing attachments in such suits, which will result in giving to the suitors preference over other creditors of an insolvent bank. One provision relates to the jurisdiction of the courts to entertain the suits, the other to a particular proceeding in such suits, which is prohibited in cases of insolvency. It cannot be supposed that Congress intended to throw the door open whereby diligent creditors might obtain preferences by means of attachments, while retaining all the other provisions of section 5242, designed to guard against such preferences. The language of the act of 1883 does not manifest any such intention.

The order should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.