FREEMAN MANUFACTURING COMPANY *vs.* NATIONAL BANK OF THE REPUBLIC & others.

LEVI L. BROWN *vs.* NATIONAL BANK OF THE REPUBLIC.

Berkshire.     October 20, 1893. — January 6, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Power of State Court to enjoin National Bank — United States Statutes.*

Under U. S. Rev. Sts. § 5242, a State court has no power to issue a preliminary injunction against a national bank ; and this provision of the statute is not repealed by U. S. Sts. July 12, 1882, § 4, March 3, 1887, § 4, or August 13, 1888, § 4.

HOLMES, J.   These cases come before us on motions of the defendant bank, made under St. 1883, c. 223, § 6, to annul orders of a single justice of this court suspending, after appeal, decrees of the Superior Court. Those decrees dissolved preliminary injunctions which had been issued in the suits, and the injunctions now have been reinstated. They prohibit the bank from disposing of certain notes pledged to it, but, it is alleged, without right and with notice. The only question before us is whether a State court has power to issue such injunctions before final judgment.

In U. S. Rev. Sts. § 5242, after provisions avoiding payments made in contemplation of insolvency, etc., the section continues, " and no attachment, injunction, or execution shall be issued against such association or its property before final judgment in

any suit, action, or proceeding, in any State, county, or municipal court." Possibly these words, if enacted in their present connection for the first time, might be limited to insolvent banks. *Raynor* v. *Pacific National Bank*, 93 N. Y. 371. But this clause is simply a codification of a proviso added to U. S. St. June 3, 1864, § 57 (13 U. S. Sts. at Large, 116, 117), giving jurisdiction over banks to State as well as to United States courts, by U. S. St. March 3, 1873, § 2 (17 U. S. Sts. at Large, 603). It cannot be limited in that way. *Pacific National Bank* v. *Mixter*, 124 U. S. 721, 726, 727. There is nothing in the context to limit it in any other. The argument is only that it is unreasonable that Congress should go so far; that the presumable motive for the law was to prevent an important wheel of business being stopped, and that this motive could be satisfied by limiting the injunctions mentioned to such as would place the general assets of the bank beyond its control by mesne process having the effect of an attachment.

But such arguments are a very doubtful ground for giving words an unnatural construction. The words used are of unlimited scope. The limited interpretation gives them an unusual meaning. The prohibition, whether reasonable or not, is intelligible when we consider that at the time when the prohibition first was passed any plaintiff was at liberty to sue in the United States courts, and could obtain an injunction there. The fact that this power has been taken away cannot change the construction of the words. *Pacific National Bank* v. *Mixter*, 124 U. S. 721, 727, 728. The jurisdiction and the extent of the power to be exercised by State courts depend on the permission of the United States. The wrongs likely to be done by national banks are of a pecuniary nature, and the banks usually are amply able to make good any such damage which they may do, so that there is not the same necessity for preventive remedies that there is with individuals or with corporations, for whose solvency less stringent precautions are taken. We are of opinion that the language of the statute must be read in its natural sense, in accordance with what we understand to have been the view of the Supreme Court of the United States in *Pacific National Bank* v. *Mixter*, 124 U. S. 721.

But then it is said that this provision of § 5242 has been

repealed.    Evidently this was not the opinion of the Supreme
Court of the United States when deciding *Pacific National Bank*
v. *Mixter*.    The contrary was decided in New York.    *Raynor* v.
*Pacific National Bank*, 93 N. Y. 371.    See also *Safford* v. *First
National Bank of Plattsburgh*, 61 Vt. 373.    *First National Bank
of Kasson* v. *La Due*, 39 Minn. 415.    And we think it tolerably
plain that such is not the import of the statutes relied on.

The principal one is U. S. St. July 12, 1882, § 4 (22 U. S.
Sts. at Large, 162, 163).    The section of the acts of 1864 above
referred to, giving jurisdiction to United States and State courts,
was omitted by mistake from the Revised Statutes, although, as
has been seen, the proviso as to State courts issuing injunctions
was retained.    This omission was corrected by U. S. St. February
18, 1875 (18 U. S. Sts. at Large, 320).    Then a proviso in U. S.
St. July 12, 1882, § 4, enacts that " the jurisdiction for suits "
by or against the banks, with certain exceptions not material,
" shall be the same as, and not other than, the jurisdiction for
suits by or against banks not organized under any law of the
United States which do or might do banking business where
such national banking associations may be doing business when
such suits may be begun," and repeals inconsistent laws.

It is true that one result of this act is to put an end to the
special jurisdiction of the United States courts over national
banks, and thus to end the power of citizens of the same State
as the bank to get an injunction anywhere, while it leaves
that power to citizens of another State, who have a right to
sue in the Circuit Court by virtue of their citizenship.    *Pacific
National Bank* v. *Mixter*, 124 U. S. 721, 727.    *Petri* v. *Com-
mercial National Bank*, 142 U. S. 644, 649.    But this accidental
advantage is not sufficient ground to affect our construction
of the act.    Obviously, the purpose of the law is to limit the
jurisdiction of the United States courts, and to do away with the
limitations of venue imposed by the earlier statutes on the State
courts.    *Petri* v. *Commercial National Bank*, 142 U. S. 644, 648,
649.    By the earlier acts, suits might be begun " in any State,
county, or municipal court in the county or city in which said
association is located, having jurisdiction in similar cases."
U. S. St. June 3, 1864, § 57 (13 U. S. Sts. at Large, 116, 117).
U. S. St. February 18, 1875 (18 U. S. Sts. at Large, 320).    We

are of opinion that the language denotes merely what courts shall have power to entertain suits by or against national banks, and that the phrase as to jurisdiction does not repeal the prohibition of preliminary injunctions in U. S. Rev. Sts. § 5242.

In view of the intimation in *Petri* v. *Commercial National Bank,* 142 U. S. 644, 651, and the language of the statutes, it does not seem necessary to argue that U. S. St. March 3, 1887, § 4, (24 U. S. Sts. at Large, 552, 554,) and U. S. St. August 13, 1888, § 4, (25 U. S. Sts. at Large, 433, 436,) have no greater effect.                                     *Orders annulled.*

*L. L. Scaife & C. M. Reed,* for the defendant bank.

*H. L. Dawes & C. H. Williams,* (*H. L. Dawes, Jr.* with them,) for the plaintiffs.