sioners, and, even if they are to be so considered, section 3256 of the Code of Civil Procedure provides that they shall be entitled to "reasonable compensation." For the services they performed the allowance was unreasonable.

The order so far as appealed from by the defendant is affirmed, and so far as appealed from by the plaintiff is reversed, and the item of $23.20 is disallowed, with $10 costs and disbursements to the plaintiff appellant. All concur.

---

### McBRIDE v. ILLINOIS NAT. BANK.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. BANKS AND BANKING (§ 278*)—NATIONAL BANKS—ATTACHMENT—VALIDITY.
   Under Rev. St. U. S. § 5242 (U. S. Comp. St. 1901, p. 3517), attachment can not issue against a national bank in a state, county, or municipal court prior to judgment.
   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1068; Dec. Dig. § 278.*]

2. ATTACHMENT (§ 241*)—VACATION.
   Under Rev. St. U. S. § 5242 (U. S. Comp. St. 1901, p. 3517), prohibiting issuance of attachment against a national bank by a state, county, or municipal court before judgment, a national bank against which attachment issued in the New York Supreme Court could move to vacate, though issue had been joined, since, under Code Civ. Proc. N. Y., § 682, such motion could be made at any time before appropriation of the attached property or the proceeds thereof to a judgment recovered in the action.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. § 831; Dec. Dig. § 241.*]

3. ATTACHMENT (§ 243*)—MOTION TO VACATE—SUFFICIENCY.
   A national bank's motion to vacate an attachment against it because the "warrant was illegally issued against the property of the defendant, a national bank not located in this state," was sufficient for a vacation of the attachment, under Rev. St. U. S. § 5242 (U. S. Comp. St. 1901, p. 3517), prohibiting issuance of attachment against a national bank by a state, county, or municipal court before judgment; Gen. Rules Prac. N. Y. rule 37, requiring moving papers to specify the irregularities upon which the motion was made, being inapplicable.
   [Ed. Note.—For other cases, see Attachment, Cent. Dig. § 840; Dec. Dig. § 243.*]

Appeal from Special Term, New York County.

Action by Dennis H. McBride against the Illinois National Bank. From an order refusing to vacate an attachment, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Delos McCurdy, for appellant.
George D. Beattys, for respondent.

McLAUGHLIN, J. The defendant is a national bank located and doing business in the state of Illinois. Upon the ground that it was a foreign corporation, the plaintiff obtained a warrant of attachment, and by virtue thereof a levy was made upon certain property of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant in the county of New York.  After issue had been joined and the matter sent to a referee to hear and determine, the defendant moved to vacate the attachment upon the ground that an attachment could not be issued against the property of the defendant, a national bank not located in the state.  The motion was denied, and defendant appeals.

An attachment cannot be legally issued under the statutes of the United States (section 5242, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3517]) against a national banking association prior to judgment by any state, county, or municipal court.  Van Reed v. People's Nat. Bank, 67 App. Div. 75, 73 N. Y. Supp. 514, affirmed 173 N. Y. 314, 66 N. E. 16, 105 Am. St. Rep. 666; Raynor v. Pacific Nat. Bank, 93 N. Y. 371; Bank of Montreal v. Fidelity Nat. Bank, 112 N. Y. 667, 20 N. E. 414; Pacific Nat. Bank v. Mixter, 124 U. S. 721, 8 Sup. Ct. 718, 31 L. Ed. 567; Van Reed v. People's Nat. Bank, 198 U. S. 554, 25 Sup. Ct. 775, 49 L. Ed. 1161.

The attachment accomplished no purpose, because it was not only issued without authority of, but contrary to, law.  The defendant had a right, notwithstanding issue had been joined, to move to vacate the same.  Its motion could be made at any time before the attached property, or the proceeds thereof, had been applied to a judgment recovered in the action.  Section 682, Code of Civil Procedure.  The ground upon which the motion was made was sufficiently stated in the moving papers.  It was that the "warrant of attachment was illegally issued against the property of the defendant, a national bank not located in this state"; in other words, it was upon the ground that the facts stated in the papers upon which the attachment was based afforded no ground for an attachment.  Rule 37 of the general rules of practice, requiring the moving papers to specify the irregularities on which the motion was made, has no application.  Andrews v. Schofield, 27 App. Div. 90, 50 N. Y. Supp. 132.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs.  All concur.