## AMERICAN NATIONAL BANK OF MACON *v.* DURE.

GEORGE, J. A filed two suits in a superior court, the first against B and the second against B and C, both national banking associations, for the recovery of $12,500, basing his claim to a recovery upon an alleged equitable cause of action. Thereafter B caused to be served upon A notice of its intention to file in a city court a suit against A upon three unconditional contracts in writing executed and delivered by A to B. Whereupon A filed in the superior court a petition for injunction, ancillary to his suits aforesaid, and prayed that B be enjoined from filing and prosecuting in the city court its threatened suit against him, based upon the written contracts, and that B be required to present and assert its claim thereon in one of said suits pending in the superior court. An interlocutory injunction was granted, and B excepted. *Held:*

1. Under the pleadings and the evidence the grant of the interlocutory injunction was error.
2. Further, the case is controlled by the ruling in *National Bank of Savannah* v. *Craven,* 147 *Ga.* 753 (95 S. E. 246), where it was held that the prohibitory clause in the national bank act (Rev. St. § 5242, U. S. Comp. St. 1916, § 9834), providing that "no attachment, injunction, or execution shall be issued against such association [national banking association] or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court," is sufficiently broad to inhibit a State court from issuing an injunction against a national banking association before final judgment against it.

*Judgment reversed. All the Justices concur.*
No. 933. OCTOBER 17, 1918.

Injunction. Before Judge Mathews. Bibb superior court. March 2, 1918

*Hardeman, Jones, Park & Johnston* and *Richard Curd,* for plaintiff in error. *Hall & Grice* and *Charles J. Bloch,* contra.