YE OLDE STATEN ISLAND DYERS AND CLEANERS, complain-
ant-respondent,

*v.*

BARRETT, NEPHEWS & COMPANY, OLD STATEN ISLAND DYE-
ING ESTABLISHMENT, INC., defendant-appellant.

[Argued May 28th, 1925.    Decided October 19th, 1925.]

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Church.

*Mr. Wendell J. Wright,* for the appellant.

*Messrs. Pomerehne, Laible & Kautz (Mr. Henry Pom-
erehne,* of counsel), for the respondent.

PER CURIAM.

This is an appeal from an order granting a preliminary
injunction on reading the bill, answer and affidavits filed.

The injunction restrains the defendant, until the further
order of the court, from using the name "Old Staten Island"
or any other name or words similar thereto, and from inter-
fering with the complainant's business in the manner alleged
in the bill, and also from continuing in the operation of its
business at No. 925 Broad street, Newark, under a name
containing the words "Old Staten Island" or any name or
words similar thereto, &c.

The bill alleges that complainant acquired its business in
1924, and the rights to use the name "Staten Island" from
others who acquired it from a corporation which had used
the name for fifty years; that the words "Staten Island"
had acquired a particular trade meaning in the business;
that (since February 3d of the present year) defendant con-
ducts and operates a business at No. 925 Broad street, New-

ark, under its name containing the words "Staten Island"; that the general appearance of the name as used by the defendant is calculated to deceive the general public, and that defendant fraudulently designs to procure the custom and trade of the complainant and has solicited customers of the complainant; that complainant has suffered irreparable damage from the use of the name by the defendant, which is greatly prejudicial to the business of the complainant, and that unless the imitation is discontinued it will ultimately destroy the character and standing of the complainant's name and business and will mean complainant's business ruin.

Now, as we look upon the answer and defendant's affidavits, the material facts in the bill upon which the complainant's equity depends, are met by a full, explicit and circumstantial denial under oath. Such being the case, a preliminary injunction should not have been granted. *Citizens Coach Co.* v. *Camden Horse Railroad Co., 29 N. J. Eq. 299; Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613.*

The order under review will be reversed.

*For affirmance*—None.

