[No. 19973. Department One.   June 4, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Chatham-Phenix National Bank & Trust Company of New York et al., Plaintiffs,* v. W. O. PARR, *as Judge of the Superior Court for Chelan County, Respondent.*[1]

[1] BANKS AND BANKING (41)—NATIONAL BANKS—REMEDIES IN CIVIL ACTIONS—POWER OF STATE COURT TO RESTRAIN. Under U. S. Rev. St. § 5242, providing that no injunction shall be issued against a national bank prior to judgment, the superior court has no power to issue an injunction in an action against a national bank and a state bank acting as its agent preventing the state bank from sending collateral belonging to the national bank outside of the state.

[2] SAME (40-1). The fact that a sufficient tender of the amount due had been made to a national bank does not warrant the state bank in issuing an injunction in the action against the national bank prior to judgment.

Application filed in the supreme court April 23, 1926, for a writ of prohibition to restrain the judge of the

[1] Reported in 246 Pac. 751.

superior court for Chelan county, Parr, J., from issuing an injunction against a national bank, prior to judgment. Granted.

*Wright & Catlett, Lord, Wire & Cobb,* and *Fred M. Crollard,* for relators.

*C. F. Wallace* and *Sumner & Adams,* for respondents.

ASKREN, J.—A suit was filed by G. A. Loudenback and Aramanta L. Loudenback, his wife, in the superior court of Chelan county, on the 9th day of April, 1926, against the Chatham-Phenix National Bank and Trust Company, a corporation, of New York City, and the First National Bank of Wenatchee, a corporation. In the interest of clarity and brevity, we shall hereafter refer to them as the New York bank, and the Wenatchee bank, respectively.

The complaint is voluminous, but, briefly stated, alleges as follows: That G. A. Loudenback was, in 1924, an officer of a corporation known as the Associated Fruit Company; that such company became obligated to the New York bank in the sum of, approximately, $65,000; on said date, there was executed by the fruit company a promissory note for this amount, due ninety days after date, with interest at six per cent per annum; the note was endorsed by the plaintiff, Loudenback, and by three other officers, Schrader, Morris and Stoerck; thereafter, there was paid thereon $5,000 in October, 1924, $254.63 on December 15, 1924, and $3,235.25 on December 18, 1924; that the note was not paid when due, and thereafter, under the insistence of an attorney for the bank, Loudenback executed and delivered to the bank obligations aggregating $50,000, $35,000 of which was represented by notes secured by a mortgage on property belonging to Loudenback; that an agreement was entered into between the bank and

Loudenback, respecting this additional security, which, in part, provided that the liquidation of the collateral should be satisfactory to the bank during each six months period, and the original debt, called the master note, to be extended for two years; that, thereafter, the liquidation was not satisfactory to the bank, and on February 9, 1926, the bank notified Loudenback that it refused to extend the indebtedness any further, and demanded immediate payment; that thereupon Loudenback proceeded to raise the money to pay off the master note in question, but objected to certain items which the bank sought to charge under the head of expenses; that the bank refused to allow the plaintiff to redeem the securities and take over the collateral attached to the master note, except by the payment of the full amount due thereon, plus the items of expense to which the plaintiff objected; that the bank, in holding the security, sought in an extortionate manner to secure the payment of certain illegal sums as expenses; that the bank sent to the Wenatchee bank, as its agent, all of the collateral and papers incident to the transaction, save and except the master note; that, on the 9th day of April, 1926, Loudenback made a tender of the full amount demanded by the New York bank and demanded the collateral, notes and papers; that the amount tendered was sufficient to pay all the claims, including the illegal items objected to, but that the Wenatchee bank refused to accept the same in full payment of the debt and return the collateral, except upon compliance with certain specific instructions from its principal; that, if the securities and papers connected with the transaction, which are now in the Wenatchee bank, are permitted to go outside of the state of Washington, and be returned to New York city, plaintiff has no way to recover the same, except by a suit in New York city.

Then follows an allegation that an emergency exists, because the New York bank threatens, unless the payment is made of the master note under the terms and conditions it dictates, they will proceed immediately to have all papers returned to New York city, and sell the collateral at public sale. Plaintiff alleged that an emergency existed and prayed that a restraining order issue immediately out of the court, restraining the New York bank and the Wenatchee bank from removing, or attempting to remove, from the Wenatchee bank, the promissory notes, mortgages, papers and other documents, which had been sent there.

Thereafter, the court issued its injunction *pendente lite* against both banks, restraining them, and all persons acting under them, from removing from the Wenatchee bank the notes, mortgages, papers and other documents in question. The injunction order required service on the New York bank by mailing a copy thereof to the company's office in New York city.

Thereafter, both banks appeared specially and objected to the jurisdiction of the court, and moved to quash the injunction theretofore issued, upon the ground that both were national banks, and that the state court was without authority to issue an injunction against either of them, prior to judgment. The motion to quash was denied. Thereupon, an application for a writ of prohibition was presented to this court, to prevent a continuance of the injunction.

[1] The sole question to be determined upon the writ of prohibition is, whether the state court has the right, prior to judgment, to issue an injunction against a national bank.

The United States Revised Statutes, § 5242, provides:

". . . That no attachment, injunction or execution, shall be issued against said association or its prop-

erty before final judgment in any suit, action or proceeding in any state, county, or municipal court."

Under this statute, it has been uniformly held by the United States supreme court that the section is applicable to both solvent and insolvent national banks, and that no injunction or attachment may issue prior to judgment. *Pacific National Bank v. Mixter*, 124 U. S. 721, 31 L. Ed. 567; *Van Reed v. People's National Bank of Lebanon*, 198 U. S. 554.

This construction of the statute seems not to be seriously questioned by the attorneys for respondent, but it is urged that the facts in the case are such as to make the statute inapplicable. It is said, assuming that the court is without power to issue an injunction against the New York bank, it still has power to issue its injunction against the Wenatchee bank, for the latter is merely a bailee, and is not the defendant in the action. But an injunction against the Wenatchee bank in name, is in reality an injunction also against the New York bank, for, by its terms, it prevents the New York bank from gaining control and possession of the collateral notes and mortgages, of which it has the right of possession. The right to issue an injunction against a national bank, in a suit against it, is not controlled by the question, whether or not the things sought to be controlled by the court are in the physical possession of the bank. Money or securities, due it from third persons are its property, and not subject to the court's injunction. *Planters' Loan & Savings Bank v. Berry*, 91 Ga. 264, 18 S. E. 137.

The Wenatchee bank being the agent of the New York bank, its possession is, in effect, the possession of the New York bank, and any injunction against it as effectually restrains the New York bank as if it were issued against it direct.

Counsel for respondent cite the case of *Earle v. Commonwealth of Pennsylvania,* 178 U. S. 449, as authority for the holding that the Wenatchee bank does not come within the purview of the statute. In that case, one Long had been sued and judgment obtained against him. Thereafter, in the course of the collection of the judgment, a garnishment was issued against the bank, and the bank answered that it held certain securities belonging to the judgment debtor, Long, subject to certain sums due it. The court held that plaintiff in the attachment acquired the right to have Long's money and property applied in satisfaction of its judgment, subject to the bank's lien for Long's debt to it. The court called attention to a distinction that must be observed here, to-wit, that it was not a suit against a national bank. It was there said:

"Whatever may be the scope of section 5242, an attachment sued out against the bank *as garnishee* is not an attachment against the bank or its property, nor a suit against it, within the meaning of that section. It is an attachment to reach the property or interests held by the bank for others."

Clearly, this is not applicable to the present case, for this suit is brought against the bank, and it is sought by injunction to restrain the bank before judgment.

[2] Respondent also reasons that the New York bank cannot object to the injunction, because the complaint alleges that a valid tender was made to the bank of the amount claimed to be due. It is said that, when a sufficient tender is made and refused, thereupon the right of the bank to hold the collateral as security for the master note becomes immediately terminated, and the bank has no further rights therein.

Assuming, without deciding, that the complaint states facts, from which flows the legal conclusion just stated, the situation in this respect would not be differ-

ent, so far as the tender is concerned, if these securities were physically in the possession of the New York bank. It could as well be contended, if a legal tender was there made to the bank, and refused, that thereupon its right to hold the same was terminated, and that injunction should issue against it. It seems plain to us that we may not resort to legal conclusions, based upon allegations of the complaint, for the purpose of voiding the statute and doing that which is absolutely condemned in express words.

It was stated in oral argument, that there is now pending before the trial court the question of whether any valid service has been made upon the New York bank. We have carefully refrained from stating those facts which respondent relies upon as giving the court jurisdiction of the bank; for jurisdiction, if acquired, would not authorize the injunction here sought to be maintained.

Let the writ issue.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.