This is a motion to restrain the defendant Fordham National Bank of New York from exercising its rights in a mortgage made to it, and covering an assignment of rents.
The motion is opposed, first, because the United States statutes prohibit a state court from issuing an injunction before final decree. *Page 515 
United States code annotated "Banks and Banking" §§ 91 R.,5242, provides as follows:
"* * * and no attachment, injunction or execution shall be issued against such association or its property before final judgment in any suit, action or proceeding, in any state, county or municipal court."
This statute has been construed as follows:
"Van Reed v. Peoples National Bank, 198 U.S. 554, on appeal from the court of appeals of New York, the court said:
"`The right of congress to determine to what extent a state court shall be permitted to entertain actions against national banks and how far these institutions shall be subject to state control is undeniable. National banks are quasi-public institutions and for the purpose for which they are instituted are national in their character, and, within constitutional limits, are subject to the control of congress and are not to be interfered with by the state legislative or judicial action, except so far as the lawmaking power of the government may permit.' And `it was further said that if the power of issuing attachments has been taken away from the state courts so also is the power of issuing injunctions. That is true.' PacificNational Bank of Boston v. Mixter (Mass. 1888),124 U.S. 721.
"`The issue of a preliminary injunction is forbidden to state courts by the provisions in the text.' Freeman ManufacturingCo. v. The National Bank of the Republic, 160 Mass. 398.
"`This statute is a complete bar to the issuance of an injunction by a state court against a national banking association * * *. For the foregoing reason alone the injunction was properly dissolved as against the bank.' Meyer v. FirstNational Bank of Coeur d' Alene (1904), 10 Idaho 175.
"`The prohibition as to injunction applies not only in the case of the general assets of a national bank, but also to an order restraining the transfer or enforcement of particular securities as wrongfully pledged to the bank with notice.' FreemanManufacturing Co. v. National Bank of the Republic (1894),160 Mass. 398. *Page 516 
"`This section providing that no injunction, attachment, c., shall issue against a national bank before final judgment in any suit in the state court inhibits the state court from enjoining national banks before final judgment against it.' AmericanNational Bank of Macon v. Dure, 148 Ga. 498.
"`Injunction cannot issue against national banking association or its property before final judgment in proceeding in state, county or municipal court.' Hill v. First National Bank
(1927), 163 Ga. 458; 136 S.E. Rep. 437."
The second objection is that the bill of complaint is not properly verified. The verification states: "I have read the bill of complaint and the statements therein contained and the same is true to the best of my knowledge, information and belief."
In Kocher Triers New Jersey Chancery Practice, pp. 1141,1590, it is stated:
"Allegations of fact on information and belief without giving the source of the information and the grounds of the belief and without the affidavit of any person having active knowledge of the facts are ordinarily insufficient whether contained in the bill or affidavits." See, also, Giordano v. Asbury Park,102 N.J. Eq. 64.
Moreover, all the material allegations of the bill are denied in the answering affidavits; therefore a preliminary injunction should not be granted. Ye Olde Staten Island Dyers v. Barrett,98 N.J. Eq. 702.
There is also a motion before the court to dismiss the bill. The crux of the bill is that one Jacobson executed certain papers under duress. Jacobson and his solicitor were examined before a master and I have read the testimony. I cannot see that there was any duress, and I believe Jacobson executed the papers voluntarily and with full knowledge of their contents.
I will advise a decree dismissing the bill. *Page 517