*Orin J. Bundy, J. L. R. Boyd,* for plaintiff.
*R. R. Jackson,* for defendant.

GARRARD *v.* MILLEDGEVILLE BANKING COMPANY *et al.*

No. 7568.  SEPTEMBER 27, 1930.

*Hall, Grice & Bloch* and *Sibley & Sibley,* for plaintiff.
*J. E. Pottle, Hines & Carpenter, Frank W. Bell,* and *M. F. Adams,* for defendants.

PER CURIAM. Mrs. Harriet Garrard, as administratrix of the estate of her deceased husband, W. T. Garrard, as his sole heir at law, and as his widow to whom a year's support had been set apart, filed a petition in Baldwin superior court against Milledgeville Banking Company, First National Bank and its officers, and P. R. Garrard, the surviving partner of her deceased husband, praying for injunction, accounting, and other equitable relief. The petition as amended alleged in substance the following: W. T. Garrard died intestate. Subject to liens outstanding on his property, appraisers set apart to plaintiff as a year's support certain property of the decedent. The First National Bank was proceeding to sell an undivided half interest in a tract of land under a power of sale contained in a security deed given by plaintiff's husband to the bank to secure a partnership and individual indebtedness; and although he was dead, the advertisement did not recite that fact, or that the property was to be sold as that of the decedent. Only a portion of the debt was that of the partnership, of which P. R. Garrard was the surviving partner. He and the First National Bank fraudulently and secretly entered into an agreement whereby the debt against the surviving partner would be released from the partnership debt upon the payment of a stated sum to the bank; and the legal payment of releasing and settling the joint partnership debt against the surviving partner was to release the indebtedness against the estate of the dead partner, and the threatened sale of the property was a fraud on the rights of plaintiff and of her intestate, unless a court of equity would give her the benefit of such agreement as released her intestate's estate also. The land which the bank is proceeding to sell is that set apart to plaintiff as a year's support. The bank held additional security that it should be compelled to exhaust before encroaching upon the land in which plaintiff had an interest and claim. An accounting was asked, and a tender was made of whatever might be due the bank by her intestate.

As against the Milledgeville Banking Company it was alleged that it had fraudulently exercised a power of sale, on the first Tuesday in April, 1929, of an undivided half interest in the same tract of land, under a security deed purporting to authorize the bank to sell it, and bought it in at the sale; that the security deed with power of sale, under which it purported to act, was executed

by the decedent for the recited consideration of one dollar and to secure a past-due indebtedness of the partnership of P. R. and W. T. Garrard, and to secure an individual note for $2500 of the decedent; that the land referred to is situated on the Oconee River; that the Milledgeville Banking Company had secret information that the Georgia Power Company was about to develop electricity by the building of a dam and reservoir, and that a large part of this land will be necessary for the project, and that the bank, in order to avail itself and take advantage of this secret information without disclosing it to petitioner, sold the land without advertising the sale in the public gazette of the county and the newspaper selected by the county authorities for the publication of legal and public sales, and the bank bid the property in for itself for the inadequate sum of $8,000; that before said sale it had negotiated an agreement with the surviving partner, P. R. Garrard, whereby for the conveyance of certain land the surviving partner was released from all liability to the bank for the partnership debt, and a deed was made to the bank in consummation of this agreement, and a release contract was signed by the bank discharging the surviving partner from the partnership debt; that this agreement was secretly entered into, unknown to petitioner, and was made in an effort to place the entire debt on petitioner's intestate; that the bank had other and additional security which it should be forced to exhaust before resorting to the sale of the land on which petitioner has a claim for her year's support; that the bank has refused to account to her for the credits which should have been allowed for money it had received on account of crop mortgages and sales of personal property which it held of her intestate; that plaintiff tenders to the bank whatever money an accounting would show to be the true and correct indebtedness due by her intestate; that the bank had no right or power to purchase the land at its own sale, and that the sale was void on that account, in that the power to purchase, if any had been granted in the security deed, had become void upon the death of her intestate, and did not survive him; and that the claims involved were complicated and intricate, and required an accounting and adjudication as to their priority.

Petitioner prayed that a court of equity take charge of the property and enjoin a sale by the First National Bank and its officers; that the Milledgeville Bank be enjoined from selling the land or

exercising any right thereover until an accounting could be had; that the sale be declared void; that the priority of the claims be established, and the assets be marshaled; and that she be directed and instructed as administratrix as to the relative rights of all parties in the estate of her husband; that the releases of the surviving partner with the defendant bank be decreed to have released the joint liability of her intestate; and that a receiver be appointed to take charge of the property and sell it for equitable partition; that the pending year's support proceeding be merged into this litigation, as well as a certain suit brought by her intestate during his lifetime against the Milledgeville Banking Company for $750 alleged by her intestate to be due him by the bank. The court sustained general grounds of demurrer filed by each of the defendants, and dismissed the suit. To this judgment the plaintiff excepted.

■ The petition as amended set out a cause of action against both of the banks that were defendants to the suit, and the court erred in sustaining the general demurrers. In so far as the judgment of the court below sustaining the general demurrer of the First National Bank amounts to a refusal of an injunction, the judgment was correct, under the Federal statute contained in Rev. Stat. § 5242 (U. S. Comp. Stat. § 9834), wherein it is provided that "no attachment, injunction, or execution shall be issued against such association [a national banking association] or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court." *National Bank of Savannah* v. *Craven,* 147 *Ga.* 753 (95 S. E. 246); *American National Bank* v. *Dure,* 148 *Ga.* 498 (97 S. E. 70). But the entire case against the National Bank should not have been dismissed; for the want of jurisdiction of the State court to grant a part of the relief prayed is not ground for dismissing the petition as to the bank.

■ While the suit is to be retained against the First National Bank, the court did not err in dismissing the case as to the officers of that bank, as they were not necessary parties. The other parties defendant were properly joined in the action.

■ The grounds of special demurrer which were sustained, in so far as they related to misjoinder of parties and misjoinder of causes of action (except as just pointed out), and the relief sought

against the parties properly joined in the case, should have been overruled.

*Judgment reversed in part and affirmed in part. All the Justices concur, except*

BECK, P. J., dissenting. Being of the opinion that no case was stated against the Milledgeville Banking Company or the First National Bank of Milledgeville, the case should have been dismissed as to them. Under the allegations of the petition, the plaintiff was not entitled to have a sale of certain real estate, alleged to belong to plaintiff's intestate, set aside on the ground of fraud alleged, or for any other reason set forth in the petition. Nor was the plaintiff entitled to an equitable accounting. If either of the two banks named as defendants have funds in their hands belonging to the plaintiff as administratrix, suit for that amount may be brought separately against the two banks. There is no joint cause of action shown against these banks, and it would necessarily follow that if the case should have been dismissed as to the banks, it should also have been dismissed as to the other defendants. So far as relates to the year's support which the widow is seeking to have set apart to her, the questions raised by objections to her petition for a year's support can be tried in the superior court where the case is pending on appeal. And this is true also as to suit for the amount of a check, the subject of litigation in a suit now pending in a court of law. I concur in the holding that no injunction should be granted against the First National Bank of Milledgeville. .