Gentlemen, it may be expedient if I impart to you some of my preliminary observations and solicit your views concerning them.
Manifestly, this is an application on behalf of the complainants to obtain what is equivalent to a preliminary injunction against the defendant in the respects mentioned in the prayer of the bill. It is acknowledged that the defendant is a banking association organized under the laws of the United States.
A national bank is not only created and governed but also protected by federal legislation, which the state courts must recognize and respect. I was aware that Congress had ordained that national banks might sue and be sued in courts of law and equity as fully as natural persons, but yesterday afternoon, in examining the bill, it occurred to me that I ought to ascertain what limitations, if any, Congress had imposed upon the jurisdictional powers of state courts in causes of this nature.
In that pursuit I came upon section 5242 of the Revised Statutes of the United States (Title 12, § 91, U.S.C.A.), which reads as follows: "And no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any state, county, or municipal court."
I naturally became at once interested in the construction of that enactment and its application. In collecting the pertinent decisions, I discovered one in this court in a cause entitledMetropolitan Lumber Co. v. Fordham National Bank,102 N.J. Eq. (at p. 514). For present purposes I shall read only the second syllabus: "This court is bound by the United States statute providing that no attachment, injunction or execution shall issue against a national bank or its property before final judgment in any suit, and will accordingly refuse to grant an injunction before final judgment is had against the defendant national bank." Perhaps I should add that the decision to which I have just referred was affirmed by the Court of Errors and Appeals, but the appellate court did *Page 205 
not regard it necessary to express any opinion upon the effectiveness of the federal statute.
There are several illuminative decisions, the citations of which I have here before me, and all of them, in the absence of some divergent or refutative explanation from counsel, lead me to doubt the authority of this court to grant the desired preliminary injunction against the defendant in the present cause.
The matter of immediate concern, of course, is not the jurisdiction of this court to hear and finally determine the issues, but rather the power and authority of this court to grant a preliminary injunction, which would necessarily be before final adjudication of the cause.
I have this also in mind, that the bank here is the sole defendant. Some of the decisions draw some distinction toward a suit in which the bank has no direct interest. As you know, it is, for example, common practice for this court to issue injunctions to restrain a bank from releasing a deposit. In such a case, however, the bank might be characterized as a mere stakeholder, having no direct interest. But of all cases, it seems to me, there would be some recognizable reason for Congress to have imposed such a prohibition upon the power of the state court to grant preliminary restraint in a suit which relates to the internal government of a national bank.
I say to counsel that in my present state of mind I have grave doubt that this state court, in the face of the federal enactment to which I have referred, has any authority or power to grant any preliminary injunctive order. I would like to hear from counsel for the complainant.
(Mr. Bohlinger addressed the court.)
The court: Let me interrupt you to say that you must have in mind that we are not presently concerned with the jurisdiction of this court to hear this cause and to render a decree in it. The impediment seems to be the federal statute which ordains that nopreliminary injunction shall be granted. Therefore the precise, naked point before me is the present application for a preliminary injunction, or its present, modern equivalent, in view of that federal statute. You are not *Page 206 
aware that the federal statute to which I refer has been in anywise modified, or amended, or repealed?
(Mr. Bohlinger answered in the negative.)
The court: Counsel for the complainant evidently being unable to direct me to any avenue of escape from the prohibition of the federal statute, I am obliged to discharge the order to show cause.
In support of that ruling, counsel might desire to note these citations: National Bank Act, Title 12 § 91; Metropolitan LumberCo. v. Fordham National Bank, 102 N.J. Eq. 514; affirmed,104 N.J. Eq. 248; Freeman Manufacturing Co. v. National Bank of theRepublic of Boston, 160 Mass. 398; 35 N.E. Rep. 865; Van Reed v.Peoples National Bank of Lebanon, Pennsylvania, 198 U.S. 554;49 L.Ed. 1161; 25 Sup. Ct. 775; National Bank of Savannah v.Craven, 95 S.E. Rep. 247; Drewes Co. v. Ham Seymour,103 So. Rep. 241; Wallach v. Billings, 161 Ill. App. 317; State, exrel. Chatham-Phenix National Bank v. Parr, 246 Pac. Rep. 751;4 Am. Jur., "Attachment Garnishment," 635 § 131; 7 Am. Jur.,"Banks," 591 § 819; Fletcher, Cyclopedia Corporations, § 4872.