James A. HARRELL, t/a Harrell's Hair Design Institute, Plaintiff,

v.

The TRUSTEES OF BEAUFORT COUNTY TECHNICAL INSTITUTE et al., Defendants.

No. 772, Civil.

United States District Court,
E. D. North Carolina,
Washington Division.

Jan. 29, 1973.

Trawick H. Stubbs, Jr., New Bern, N. C., for plaintiff.

Robert Morgan, Atty. Gen. of N. C., by Charles A. Lloyd, Associate Atty. Gen., Raleigh, N. C., for defendants.

## MEMORANDUM OPINION and ORDER

LARKINS, District Judge:

Plaintiff, James A. Harrell, is owner and sole proprietor of Harrell's Hair Design Institute and is a resident of Beaufort County, North Carolina. In September, 1968 he, as lessor, entered into a lease with Defendants Byrd and Trustees of Beaufort County Technical Institute (hereafter B.C.T.I.) where Defendants rented Plaintiff's building and the equipment in the building and retained the Plaintiff as instructor of the school. In January, 1971, Plaintiff learned of the plans of B.C.T.I. to open a new facility near Washington, North Carolina. The Defendants violated the terms of the lease and forced Plaintiff to repossess his school and continue operation on his own.

The applicable North Carolina Statute is N.C.G.S. Section 115A–4, which provides in part,

"In no case, however, shall approval be granted by the Board for the establishment of an institution until it has been demonstrated to the satisfaction of the Board that a genuine educational need exists within a proposed administrative area, that existing public and private post-high-school institutions in the area will not meet the need, that adequate local financial support for the institution will be provided, that public schools in the area will not be affected adversely by the local financial support required for the institution, and that funds sufficient to provide State financial support of the institution are available."

Plaintiff states six claims for relief:

(1) He alleges that the Defendants entered into the lease so as to exempt Plaintiff from protection under the above statute. By making him a part of B.C.T.I. it was possible to build another facility within the administrative area, and now that Plaintiff has been forced to repossess his school, he is now exposed to competition and unable to operate a profitable school.

(2) That Defendant Byrd fraudulently contracted with Plaintiff, with intentions to remove Plaintiff as instructor.

(3) That Defendant Byrd illegally spent funds appropriated to keep Plaintiff in operation and under the institution's control.

(4) That Defendants violated Plaintiff's right to privacy by using Plaintiff's picture in B.C.T.I.'s leaflet on Advanced Cosmetology, thus using Plaintiff's good will and reputation without his consent.

(5) That Defendant's new facility is operating in violation of rules required by the N.C. Board of Cosmetic Art Examiners.

(6) That Defendants operate their new facility (a school) within one (1) mile of Harrell's Institute in clear violation of Section 115A–4.

This cause is now before this Court to consider the Defendants' motion to dismiss, or in the alternative their motion to abstain. The Plaintiff claims that the sum total of his claims for relief show that he has been deprived of his property without due process of law in violation of the 14th Amendment of the United States Constitution. He asks for an injunction forbidding the Defendants from operating the new facility and for monetary damages in the amount of $100,000.00.

■■ The Defendants' contend that this Court is without jurisdiction to entertain the present action, in that the Plaintiff fails to show that the amount in controversy exceeds $10,000.00 and fails to present a substantial federal question. See Title 28 U.S.C. § 1331. This Court feels that the Plaintiff's Complaint and Amended Complaint meet jurisdictional requirements as to amount. The amount in controversy pertains to the rights which Plaintiffs assert and seek to have protected and enforced, See Gavica v. Donaugh, 93 F. 2d 173 (9th Cir. 1937), and Plaintiff shows a possible harm of greater than $10,000.00.

The federal question issue presents more of a problem to this Court. Plaintiff's first claim for relief is that he has a "property right" to be free from state competition with his school. He claims that this right is derived from G.S. § 115A–4, and such right was wrongfully taken by the Defendants fraudulently entering into the lease. This right is asserted to be a vested right and an economic interest. Only two situations are possible under the Plaintiff's alleged facts. He has either a property right under G.S. § 115A–4 or he does not.

■ If the legal effect of the lease was to remove the Plaintiff from protection of the statute, and such lease was procured by fraud, then Plaintiff's claim must be against Byrd and B.C.T.I. and

not the state boards. A charge of fraud in procuring a lease is a contract question, and absent a diversity of citizenship relationship, contract rights do not state grounds for federal jurisdiction. See Shawnee Sewerage & Drainage Co. v. Stearns, 220 U.S. 462, 31 S.Ct. 452, 55 L.Ed. 544. Whether or not fraud was involved need not be decided by this Court.

If, on the other hand, Plaintiff continued under the protection of G.S. § 115A–4, the State Board of Education appears to have acted wrongly in approving the government's new school, it being within the administrative area already served by Plaintiff's school. Therefore, Plaintiff's claim is against the State Board of Education for failure to allow him his state statutory rights. Whether this is a substantial federal question must be determined.

■ "A suit arises under the law that creates the cause of action," American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987, is a test applied by Justice Holmes. Justice Cardozo in Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 stated,

"To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."

Plaintiff's dispute turns on whether or not the State Board acted wrongly under state law. Applying the above tests, it appears that whether Plaintiff has been deprived of his property as prohibited by the Fourteenth Amendment is remote and does not provide a basis for federal jurisdiction.

"To establish jurisdiction of federal courts on grounds that federal question is involved, it must appear, . . . that suit is one which does really and substantially involve a dispute or controversy as to a right which depends on construction of Constitution or some law or treaty of the

United States." Doby v. Brown, 232 F.2d 504 (4th Cir. 1956).

"It is settled doctrine that a case is not cognizable in a federal trial court, . . . unless it appears from the face of the complaint that determination of the suit depends upon a question of federal law." Pan American P. Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584.

"Proper exercise of federal jurisdiction requires that controversies involving unsettled questions of state law be decided in the state tribunals preliminary to a federal court's consideration of the underlying federal constitutional questions." Meridian v. Southern Bell Tel. & Tel., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562.

From a total consideration of the pleadings in this case, and a thorough analysis of appropriate decisions involving what a federal question is, this Court feels that no federal question is presented in the first claim of the instant case, whether his claim be for fraud or under G.S. § 115A–4.

■ Plaintiff's second claim for relief involving the removal of Plaintiff as instructor under fraudulent contract is a claim of contract and should be handled in the state courts. See *Shawnee, supra.*

■ Plaintiff is the recipient of the alleged misappropriation in the third claim for relief. He alleges no violation of his federal rights, only that Defendant Byrd violated state laws. There is no federal jurisdiction of this claim.

■ Plaintiff's fourth claim for relief is an alleged invasion of his right to privacy. Such invasion is not, in this Court's opinion, so flagrant that it calls for invocation of the Constitution. See Baker v. Howard, 419 F.2d 376 (9th Cir. 1969). Plaintiff has a clear remedy in the state courts.

■ Plaintiff's fifth claim involves the State Board of Cosmetic Art Examiners and a violation of their own regulations. This certainly does not raise a federal question.

■ Finally, Plaintiff alleges that B. C.T.I. operates its new facility within one mile of the Plaintiff's Institute, a violation of G.S. § 115A–4. As this Court discussed in its consideration of Plaintiff's first claim for relief, even if Plaintiff is under the protection of G.S. § 115A–4, it is a matter of state law and should be dealt with in the state courts. Such denial of protection, if there is any, does not present a substantial question.

In conclusion, this Court finds that none of the Plaintiff's claims for relief, either taken as a whole or separately, present a substantial question in that this action does not arise under the Constitution, laws, or treaties of the United States. Thus the Defendants' motion to dismiss should be allowed.

■ However, this Court would like the record to show that even if jurisdiction would lie in the instant case, this Court would refrain from exercising its jurisdiction and abstain from rendering a decision. The central issue is whether or not the Plaintiff has a "Property right" under the provisions of G.S. § 115A–4 which was taken from him without due process by the State Board of Education and through fraud on the part of Defendants Byrd and B.C.T.I. This statute has never been interpreted by the North Carolina appellate courts. Whether the Plaintiff has any rights under this statute, whether the Plaintiff is covered under this statute, and whether the Plaintiff's school meets the required educational and occupational needs, is maintaining proper standards, and is in the administrative area are questions involving this state statute, and must be determined by state and not federal courts.

■ This Court is of the opinion that when unsettled questions of state law are involved, the federal court should abstain. If the action is first brought in the state court, it may no longer be necessary to reach possible constitutional questions. See *Meridian, supra,* which holds that where state legal problems are delicate ones, their resolution is difficult for a federal court. See also *Doby, supra* at 506 of 232 F.2d, which stated,

"Even if a federal question should be held to be involved in the case, it would arise only in connection with the interpretation of state statutes which could be readily passed upon by the courts of the state in the pending condemnation proceedings, and the District Judge was correct in thinking that the federal court ought not to assume jurisdiction to interpret and pass upon the state statutes in advance of their construction by the state courts."

For the above reasons, this Court feels that even if it has jurisdiction of the instant case, it should abstain in favor of allowing the state court to settle all the issues involved.