Peter B. NEWTON and Margaret S. Speer, Plaintiffs,

v.

The CHASE MANHATTAN BANK, N. A., Defendant.

No. 77 Civ. 482.

United States District Court, S. D. New York.

Aug. 18, 1977.

Burns, Jackson, Miller, Summit & Jacoby, New York City by Gary Maddock, New York City, and Ruth Balen, Brooklyn, N. Y., for plaintiff.

Milbank, Tweed, Hadley & McCloy, New York City by Eugene Farabaugh, New York City, for defendant.

## MEMORANDUM

IRVING BEN COOPER, District Judge.

Defendant Chase Manhattan Bank, N.A., ("Chase") moves for an order pursuant to Rule 12(b)(1), Federal Rules Civil Procedure dismissing Count VI of plaintiff's complaint on the ground that this Court lacks subject matter jurisdiction. Upon a thorough review of the law and the pleadings heretofore had, we grant the application.

The facts of this case can be stated briefly. Plaintiff Margaret Speer ("Speer"), a resident of New York, pledged collateral, in the form of stocks she owned, to secure several loans that plaintiff Peter Newton ("Newton") had obtained from Chase. (Complaint pars. 2, 11, 13, 15) Chase, in the belief that its loans to Newton are in jeopardy, is seeking to sell the collateral and apply the proceeds to the principal and interest outstanding. (Complaint par. 35; Defendant's Memorandum of Law in opposition to Plaintiff's Motion for Preliminary Injunction, *Newton & Speer v. The Chase Manhattan Bank, N.A.*, Supreme Court of the State of New York, County of New York, Index No. 22040/76). Due to the onerous tax liability that would confront

Speer upon the disposition of the stock, she and Newton commenced an action in state court and moved therein to enjoin Chase from selling the collateral. (Complaint pars. 57, 58)

In opposition to plaintiffs' motion for a preliminary injunction in state court, Chase asserted its status as a national banking association and cited Section 52 of the National Banking Act, 12 U.S.C. § 91 which precludes any court of any State, county or municipality from granting an injunction against a national banking association prior to final judgment. See *Pacific National Bank of Boston v. Mixter*, 124 U.S. 721, 8 S.Ct. 718, 31 L.Ed. 567 (1881); *Van Reed v. People's National Bank*, 198 U.S. 554, 25 S.Ct. 775, 49 L.Ed. 1161 (1905); *Freeman Mfg. Co., v. National Bank of the Republic of Boston*, 160 Mass. 398, 35 N.E. 865 (1894). So confronted, plaintiffs commenced the instant action in this Court for, *inter alia*, a declaratory judgment that Section 52 of the National Banking Act is unconstitutional.

Count VI of the complaint, the subject of the instant motion to dismiss, is asserted by plaintiff Speer alone; Newton, an Oklahoma resident, is not joined therein. Since there is no diversity jurisdiction as between Speer and Chase, both New York residents, plaintiff bases her claim in Count VI upon the federal question jurisdiction of this Court, 28 U.S.C. § 1331(a). That section provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. . . .

■ It is well established that a cause of action predicated upon federal question jurisdiction must arise *directly under* the Constitution, laws or treaties of the United States and "facts must be alleged to show that federal law in the particular case creates a duty or remedy." *Russo v. Kirby*, 453 F.2d 548, 551 (2d Cir. 1971); *Carlson v. Coca Cola Company*, 483 F.2d 279 (9th Cir.

1973); *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A right or immunity created by Federal law must be an essential element of the claim in order to satisfy the jurisdictional prerequisite under this section. *Gully v. First National Bank in Meridian, supra; Phillips Petroleum v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974). Thus, we must look to Count VI of the complaint to ascertain whether the cause of action asserted therein does indeed arise under federal law.

In Count VI, Speer seeks a declaratory judgment that Section 52 of the National Banking Act violates her fundamental rights of due process guaranteed by the Fifth Amendment to the United States Constitution. Essentially, her position is that she is effectively barred from seeking an injunction against Chase Bank, for she cannot sue in federal court (no diversity), and in state court the barrier of Section 52 blocks her. Thus, Speer contends that Section 52 denies her due process of law in that it precludes a citizen of the same state as the national bank from obtaining an injunction against the bank. (Complaint par. 60)

■ We find that the assertion of federal jurisdiction on the facts herein presented is without merit. In the first place, it is clear that Section 52 is insufficient to sustain federal court jurisdiction in that it contains no right or remedy upon which plaintiff may assert a cause of action against defendant; the statute's limited purpose is to deny a temporary procedural course under state law, i. e., the issuance of a preliminary injunction by a state court against a national bank. As hereinabove stated, federal question jurisdiction may not be exercised where no remedy exists under the statute forming the basis of the claim. See *Gully v. First National Bank in Meridian, supra; Carlson v. Coca Cola Co., supra.*

■ Furthermore, the reliance upon the due process provision of the Fifth Amendment to the United States Constitution will not sustain the assertion of federal question jurisdiction in the present factual setting.

It is evident that Section 52 does not deprive plaintiff of her property without due process of law; it merely denies her the right to obtain a temporary procedural remedy in state court prior to an adjudication on the merits. There remains for Speer an adequate remedy at state law in that she may sue for damages occasioned by defendant's allegedly wrongful disposition of the securities held by Chase as collateral on plaintiff Newton's loan obligations. See *Freeman Mfg. Co. v. National Bank of the Republic of Boston, supra.*

In *Freeman* (160 Mass. at p. 866, 35 N.E. at p. 866) Justice Oliver Wendell Holmes acknowledged the availability of an adequate state remedy by offering a rationale for the prohibition in Section 52:

> The wrongs likely to be done by national banks are of a pecuniary nature, and the banks usually are amply able to make good any damage which they may do, so that there is not the same necessity for preventive remedies that there is with individuals or with corporations, for whose solvency less stringent precautions are taken.

Thus, it is clear that Speer has access to state court to vindicate her substantive property rights. It may not be said that Section 52 violates her due process rights since "Due Process requires, essentially, only a full and fair hearing before an impartial tribunal 'at a meaningful time and in a meaningful manner.'" *West Penn Power Co. v. Train,* 522 F.2d 302, 312 (3d Cir. 1975), *cert. denied* 426 U.S. 947, 96 S.Ct. 3165, 49 L.Ed.2d 1183 (1976).

Accordingly, we find the due process argument Speer asserts clearly insufficient to satisfy the requisites of federal question jurisdiction. See *Gully v. First National Bank, supra.* The real dispute in this action is not the construction of federal law, but rather the interpretation of certain loan agreements involving plaintiffs and defendant, clearly questions of state law. See e. g., *Harrell v. Trustees of Beaufort County Technical Institute,* 354 F.Supp. 50 (E.D.N. C.1973); *Shawnee Severage & Drainage Co. v. Stearns,* 220 U.S. 462, 31 S.Ct. 452, 55 L.Ed. 544 (1910).

■ A further jurisdictional defect exists: Speer, by seeking a declaration of the unconstitutionality of Section 52, is anticipating a defense which is drawn from a federal statute. In essence, Speer's position is that the state court will deny her application for a preliminary injunction because of the statutory prohibition in Section 52 against a state court enjoining a national bank. (Plaintiffs' memo of law in support of motion for preliminary injunction, p. 11) It is hornbook law that a claim which anticipates or replies to a state defense before it is asserted does not create federal question jurisdiction. *Phillips Petroleum v. Texaco, supra,* 415 U.S. at 128, 94 S.Ct. 1002; *Skelly Oil v. Phillips,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

In *Louisville,* the Court stated (at p. 157): "It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." The facts of the *Louisville* case are particularly apposite: The plaintiffs brought suit in federal court against defendant railroad company, a citizen of the same state, to compel the specific performance of a contract granting the plaintiffs free transportation aboard defendant's railroad in exchange for their releasing a cause of action for negligence against defendant. A subsequent Act of Congress forbade the giving of free transportation and defendant declined to perform pursuant to the contract. Plaintiffs claimed that defendant's breach of contract was illegal as the Act was unconstitutional. The Supreme Court, *sua sponte,* found that the complaint failed to state a claim "arising under the Constitution and laws of the United States." The Court thereupon dismissed the complaint (no other grounds for jurisdiction were noted).

For the foregoing reasons, we are constrained to, and do, grant defendant's motion to dismiss Count VI of the complaint for lack of subject matter jurisdiction.

SO ORDERED.